**Jack I. POLLOCK et al., Appellants,**

v.

**Mrs. Frank M. LOWRY et vir, Appellees.**

No. 13728.

Court of Civil Appeals of Texas.

San Antonio.

April 5, 1961.

Rehearing Denied May 3, 1961.

Harold L. Hall, Charles S. Johnson, San Antonio, for appellant.

Remy & Burns, San Antonio, for appellee.

BARROW, Justice.

The statement of the nature and result of the suit is copied from appellants' brief as follows:

The appellants, plaintiffs below, sued for a permanent injunction to restrain the defendants from interfering with the appellants' use of an easement. Appellants asked for a temporary injunction and hearing was had. While the court was considering appellants' request for a temporary injunction appellees, defendants below, filed a motion for summary judgment, and filed the sworn testimony adduced on the hearing for a temporary injunction, an affidavit, and the plat concerning the property as part of the motion. Appellants filed an answer in opposition to such motion and relied on their sworn petition the sworn testimony on file.

The Court therefore had under consideration at the same time the temporary injunction and the appellees' motion for summary judgment. The Court, in the same order, which is the judgment appealed from, granted the summary judgment and denied appellants' prayer for a temporary injunction. This appeal has been duly and timely perfected.

There is no statement of facts. The case is brought to the Court of Civil Appeals on the transcript only, the sworn testimony actually being a part of appellees' motion for summary judgment, and therefore actually a part of the transcript.

For a reversal, appellants rely upon two points: (1) "The Court erred in ruling that the Appellee was entitled to judgment as a matter of law because such ruling refuses to recognize and apply the doctrine of equitable estoppel and protect the Appellant's right in land appurtenant to his ownership of a certain lot." (2) The trial court erred in granting the motion for summary judgment because the record "does show the existence of genuine issues of fact to be tried."

The lands involved herein are a part of Block A, New City Block 11529, Woodlawn Hills, San Antonia, Bexar County, Texas, as shown by the following copy of the original plat recorded in Vol. 4305, page 178, Deed Records of Bexar County, Texas:

The directions are not shown on the plat, but the record shows that the Block is bounded on the west by Ridge Drive, on the south by Quill Drive, on the north by lands of other persons, and that Lot 10–K is on the east side of the Block.

Originally all of the Block was owned by P. B. Mewhinney. On March 8, 1950, Mewhinney conveyed Lots 10–A, 10–B and 10–E, to one Herndon, and on the same day Herndon conveyed Lot 10–A to appellant Percival, Lot 10–B to appellant Pollock, and entered into a contract to sell Lot 10–E to both appellants. The record shows that Herndon acted for appellants in order to re-sell to them on deferred payments. Mewhinney sold Lots 10–C and 10–F to one Duffin on August 12, 1957. Duffin conveyed Lot 10–F to appellee Mrs. Frank M. Lowry. On the same day Mewhinney granted an easement over Lot 10–K to Mrs. Lowry by instrument in writing, duly recorded. Pollock acquired all the interest of Percival in Lot 10–E. In 1959, Mewhinney conveyed Lot 10–K to Mrs. Frank M. Lowry.

■■■ We note that appellees, in connection with their motion for summary judg-

ment, caused the court reporter to make a transcript of the testimony introduced on the temporary injunction hearing and filed the same for consideration. Ordinarily, this instrument could not be considered in connection with such a motion, under Rule 166–A, Texas Rules of Civil Procedure. It is not an affidavit nor a deposition. Wilson v. Mitchell, Tex.Civ.App., 299 S.W. 2d 406. However, in this case no objection to such transcript was urged either in the trial court or in this Court. The parties relied on the same for the facts, in the trial court and in this Court, hence any objection thereto has been waived by the adoption of such transcript by both parties.

▪ It is well settled that in considering a motion for summary judgment, the facts, together with every reasonable inference deducible therefrom must be considered in the light most favorable to the party opposing the motion, and the burden is on the party making such motion to establish the nonexistence of a genuine material issue of fact. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929.

Viewing the facts in the light most favorable to appellants, the record shows without dispute that at the time Mewhinney conveyed Lot 10–E to Herndon he exhibited a plat or drawing of the property substantially as the above plat. He did not represent to him that Lot 10–K was a street. At that time all of the property was grown up in brush. The property had a front of some 160 feet on Ridge Drive. The plat showed that the land in dispute was a lot and there was no driveway upon it, but Mewhinney made oral representations and promises that he intended to put in a road on Lot 10–K. Some six months later he bulldozed a roadway upon said lot from Quill Drive north, up to a small house where Mewhinney kept his tools. Some time later, estimated at one year he graveled this roadway. Appellants are in the nursery business and have a greenhouse on the rear of Lot 10–E. They have used the roadway, going to and from the green-

house, from the time it was made until about February, 1960, when appellees erected a fence across the road. Mewhinney also used the road going to and from his tool house.

At the time Mrs. Lowry purchased Lot 10–F from Duffin she made inquiries as to a means of ingress and egress to and from her lot and was informed that there was none, so at that time she purchased and received from Mewhinney the grant of an easement from her lot to Quill Drive. In 1959, when she built a home on her lot, she purchased Lot 10–K from Mewhinney and paid him $1,000 therefor, on account of the fact that otherwise the city would not give her a building permit.

Appellants do not contend that they acquired an easement either by express grant, by dedication, prescription or by necessity, but they rely solely on acquisition as an appurtenance to their property and by estoppel. We shall first consider whether or not the alleged easement was granted in the deed from Mewhinney as an appurtenance to the land granted.

▪▪ It is well settled that the underlying principle is that there is included in the grant all such privileges and appurtenances as are obviously incident and necessary to the fair enjoyment of the property granted, *substantially in the condition in which it has been enjoyed by the grantor,* unless the contrary is provided. Miles v. Bodenheim, Tex.Civ.App., 193 S.W. 693, error refused. The Courts in protecting such appurtenances do not act to create easements but to preserve existing ones. Weitzman v. Lee, Tex.Civ.App., 262 S.W. 859. Thus, in order for an easement to constitute an appurtenance to a grant it must be an existing one.

▪ We come now to the question of whether an easement was granted over Lot 10–K by estoppel. We do not believe the facts in this case are sufficient to raise a genuine issue of estoppel. The map or plat exhibited to appellants did not show

that Lot 10-K was a road. There was nothing on the ground to indicate that it was a road. Mewhinney did not represent to them verbally that it was a road. The most that can be said is that he told them that he intended "to put in a road." The appellants do not anywhere say that Mewhinney agreed with them verbally that they should have a right to the road. Nor do they claim that he used any language which could be construed as granting them an easement. Their testimony is that after he built the road they used it with his permission and did not use it without his permission. While appellants testified that they relied on Mewhinney's statement that he intended to put in the road, the record shows that he put in this road at his own expense and for his own use.

 We have carefully examined the authorities cited by appellants and find that the facts in each of them are readily distinguishable from the facts in the instant case. In Harrison v. Boring, 44 Tex. 255, the easement was created in writing by the deed. In Carleton v. Dierks, Tex.Civ. App., 203 S.W.2d 552, the roadway established was only a change of location of an existing easement. The owner of the easement had spent large sums of money improving the new roadway in reliance upon the landowner's agreement establishing the new roadway. In Handal v. Cobo & Dosal, Tex.Civ.App., 225 S.W. 67, 68, there was an existing alleyway actually in use on seller's lot. There was a verbal promise that the purchaser could use this alley to reach the rear of a building he contemplated erecting. The Court held that the petition stated a cause of action. In so holding the Court quoted from a New York case, Newman v. Nellis, 97 N.Y. 285, 289, wherein it was said: "There was not only a promise to open the street, but the defendant represented that the space was in fact a street." The Court held in the Handal case that such a verbal promise was not within the statute of frauds, because the contract was fully performed. But in the instant case the alleged promise was to open a non-existent roadway in the future, and thus to create an easement in land, and we believe the case falls within the rule laid down in Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 1116, 15 A.L.R. 216, requiring such a promise, or some memorandum thereof, to be in writing and signed by the party to be charged therewith. Article 3995, Vernon's Ann.Civ.Stats. In Hooks v. Bridgewater, the Court lays down the rule that to take the case out of the operation of the statute of frauds, three things are necessary: "1. Payment of the consideration, whether it be in money or services. 2. Possession by the vendee. And 3. The making by the vendee of valuable and permanent improvements upon the land with the consent of the vendor; or, without such improvements, the presence of such facts as would make the transaction a fraud upon the purchaser if it were not enforced." The Court also held that a court of equity will not concern itself with such cases except "to prevent the perpetration of a fraud." Again the Court said: "The statute is valid; it is imperative; it is emphatic. Its simple requirement that contracts for the transfer of lands be in writing, imposes no hardship." An easement is an estate in land and the contract to create an easement must be in writing. Appellants do not contend that the failure to enforce the verbal promise would be a fraud upon them. They have made no improvements on the roadway or on Lot 10-K. Their use thereof has been only by permission of the owners. We think the case falls clearly within the statute of frauds, Art. 3995, supra.

The judgment is affirmed.