**BEALL MEDICAL SURGICAL CLINIC AND HOSPITAL, INC., Appellant,**

v.

**TEXAS STATE BOARD OF HEALTH.**

No. 16187.

Court of Civil Appeals of Texas.

Dallas.

Jan. 18, 1963.

Rehearing Denied Feb. 8, 1963.

Odeneal & Odeneal, Dallas, for appellant.

Henry Wade, Dist. Atty., and John J. Orvis, Asst. Dist. Atty., Dallas, for appellee.

BATEMAN, Justice.

This appeal is from a summary judgment cancelling the temporary license to operate a hospital granted to appellant shortly after the effective date of Art. 4437f, Vernon's Ann.Tex.St., known as the Texas Hospital Licensing Law. Proceedings for the revocation of such license having been instituted in accordance with the provisions of Sec. 9 of said law, a hearing was held by appellee pursuant thereto. Within due time after entry by appellee of its order cancelling appellant's license appellant filed this suit in one of the district courts of Dallas County for the avowed purpose of appealing from such order and "obtaining a trial de novo" provided for in Sec. 9 of the said Statute.

Appellant's first point assails the constitutionality of the Texas Hospital Licensing Law (Art. 4437f, V.A.T.S.) as being vague, arbitrary and repugnant to the "due process" clauses of the Federal and State Constitutions, making the action of appellee in cancelling the license and the judgment of the district court affirming such action void and of no effect. Appellant cites Bielecki v. City of Port Arthur (Tex. Com.App.), 12 S.W.2d 976, City of Houston v. Adams, Tex.Civ.App., 326 S.W.2d 627, err. ref. n. r. e., and Kingsbery v. Phillips Petroleum Company, Tex.Civ.App., 315 S. W.2d 561, err. ref. n. r. e., in support of this point, and argues that the Act is invalid because it authorizes appellee to grant or withhold licenses as it arbitrarily chooses, without setting forth any guide or standard to distinguish between the parties entitled to such licenses and those not so entitled.

The first two cases cited by appellant merely hold that a city cannot by establishing an arbitrary standard declare that to be a nuisance which is not in fact a nuisance; and the Kingsbery case merely holds in this connection that a citizen's right to conduct a business as he pleases is a valuable right and one which the law will protect if to do so does no violence to law, public policies or the rights of others. These cases do not in our opinion support the proposition that the Texas Hospital Licensing Law sets up such an arbitrary standard as to be repugnant to the due process clauses of the State or Federal Constitutions, or that it is too vague to be valid.

The purpose of Art. 4437f is expressed in Sec. 3 thereof as being "to protect and promote the public health and welfare by providing for the development, establishment, and enforcement of certain standards in the construction, maintenance, and operation of hospitals." We have carefully studied the entire act and find nothing therein that can properly be said to deprive appellant of its property, or the use of its property, or the right to transact its business, without due process. The Act requires a license to operate a hospital after January 1, 1960. It constitutes the State Board of Health as the "Licensing Agency". It establishes a Hospital Licensing Advisory Council consisting of nine members appointed by the Governor who shall advise with the Licens-

ing Agency in adopting, amending, promulgating and enforcing "such rules, regulations, and minimum standards as may be designed to further the purposes of this Act." It then provides that such rules, regulations or minimum standards shall be limited to safety, fire prevention, and sanitary provisions of hospitals as defined in the Act, and, further, that all such rules, regulations or standards shall first be approved by the State Board of Health and then by the Attorney General as to their legality, and then filed with the Secretary of State.

■ The Legislature may properly delegate to an administrative agency the authority to establish rules, regulations or minimum standards which may be said reasonably to carry out the expressed purpose of the Act. Housing Authority v. Higginbotham, 135 Tex. 158, 143 S.W.2d 79, 87, 130 A.L.R. 1053; Southwestern Savings & Loan Ass'n. of Houston v. Falkner, 160 Tex. 417, 331 S.W.2d 917, 921. Accompanying and referred to in the appellee's motion for summary judgment is a certified copy of the rules, regulations and minimum standards approved by appellee and filed in the office of the Secretary of State which we have carefully examined and which we find to be reasonable and within the guidelines of the Act itself as set forth in Sec. 3 thereof. Appellant's first point is therefore overruled.

In its second point appellant urges alternatively, if the Act is held to be constitutional, that the court below erred in applying the "substantial evidence rule", the application of which, appellant says, would in effect declare the "de novo" provisions of Sec. 9 of the Act unconstitutional. Taking the position that the appellee acted in a judicial or quasi-judicial capacity in conducting its hearing resulting in the cancellation of appellant's license, appellant asserts that it was entitled to a trial under the "preponderance of the evidence rule" in the district court.

Sec. 9 of the Act gives the Licensing Agency the authority to deny, cancel, revoke or suspend a license in any case where it finds there has been a substantial failure to comply with the provisions of the Act or the rules, regulations or standards promulgated thereunder, or for the aiding, abetting, or permitting the commission of any illegal act, or for conduct detrimental to the public health, morals, welfare and safety of the people. The procedure for the cancellation, revocation or suspension of a license is then set forth in detail, after which it is provided that any hospital whose license has been cancelled, revoked or suspended may within twenty days appeal to any of the District Courts in the County in which the hospital is located. It is then provided: "The proceedings on appeal shall be a trial de novo as such term is commonly used and intended in an appeal from the Justice Court to a County Court * * *."

Appellee contends, however, that the order in question was an administrative order, not judicial or quasi-judicial, and that the "substantial evidence rule" was not excluded but properly applied.

■ There have been numerous recent decisions by the appellate courts of Texas on the question of the applicability of the substantial evidence rule in appeals to the courts from rulings by various administrative bodies. See the interesting analysis of many of these decisions in the article entitled "Trial De Novo—Panacea?" by Wallace P. Finfrock in the Baylor Law Review, Volume 14, No. 2, page 135. We hold that the substantial evidence rule was applicable in this case and that, despite the statutory provision for a trial de novo on appeal, appellant was not entitled to a full trial of all the issues involved under the preponderance of the evidence rule, nor to have the district court substitute its fact findings or the verdict of a jury for the determination of the matter by the appellee Texas State Board of Health.

■ If the language contained in Sec. 9 of the Act, "The proceedings on appeal shall be a trial de novo as such term is commonly used and intended in an appeal

from the Justice Court to a County Court," be considered as requiring a full trial under the preponderance of the evidence rule, then we are compelled to hold that such part of Sec. 9 is unconstitutional for the reasons hereinafter set forth. Davis v. City of Lubbock, 160 Tex. 38, 326 S.W.2d 699.

We consider that these holdings are required by the decision of the Supreme Court in Southern Canal Co. v. State Board of Water Engineers, 159 Tex. 227, 318 S. W.2d 619. That case involved an appeal under Sections 12 and 13 of Art. 7477, V.A.T.S., from an adverse administrative ruling by the State Board of Water Engineers. Section 12 broadly provides that any person affected by any ruling, order, decision or other act of the Board may file in court a petition in an action to review, set aside, modify, or suspend such ruling, order, decision or other act. Sec. 13 then provides that in all suits brought under Sec. 12, "the trial shall be de novo, as that term is used and understood in an appeal from a Justice of the Peace Court to the county court." (Note the similarity to the corresponding language of Sec. 9 of the Act here involved.) Sec. 13 continues by providing that in such de novo trials, no presumption of validity or reasonableness or presumption of any character shall be indulged in favor of any such order, rule or regulation, but that evidence as to the validity or reasonableness thereon shall be heard and the determination made upon facts as in other civil cases, and that the procedure for such trials, etc., shall be governed solely by the rules of law, evidence and procedure prescribed for the courts of this State by its Constitution, Statutes and rules of procedure applicable to the trial of civil actions. As if this were not sufficient to spell out clearly the legislative intent, Sec. 13 then concludes: "It is the intent of the Legislature that such trial * * * shall be made independently of any action taken by the Board, *upon a preponderance of the evidence* adduced at such trial and entirely free of the so-called 'substantial evidence' rule enunciated by the courts in respect to orders of other administrative or quasi-judicial agencies." (Emphasis ours.)

The Austin Court of Civil Appeals held that Sec. 13 was unconstitutional as being in violation of Art. II, Sec. 1 of the Texas Constitution, Vernon's Ann.St., providing for the separation of the powers of the three departments of government, conferring purely administrative duties upon the judicial branch of the government. The opinion of the Supreme Court, written by the present Chief Justice, affirming, points out the inconsistency of Sec. 13 in spelling out so meticulously its intent that the dissatisfied party should have a completely de novo trial, and at the same time stating that on such trial "evidence as to the validity or reasonableness thereof (the order complained of) shall be heard and the determination in respect thereto will be made upon facts found therein, etc." Justice Calvert also points out that prior decisions of the Supreme Court have held that a suit to review the reasonableness of an order, decision, rule or regulation of an administrative agency is a *type* of de novo trial in that the evidence is heard anew and the reasonableness of the agency's action is independently adjudged by the court on the basis of evidence admitted in the judicial proceeding, under the substantial evidence rule, and that the only issue to be decided is one of law, avoiding a trial of the fact issues by either the judge or jury.

One of the cases cited in the Southern Canal Company case was Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198, wherein it was held that in the case of an appeal from an order of the county judge denying an application for a license to sell beer, and the statute provided that on such appeal "the trial shall be de novo under the same rules as ordinary civil suits," with certain exceptions not important here, it was held that by this statute only a limited review was intended and that the question or issue to be determined in the district court was whether or not the findings of the county judge were reasonably supported by sub--

stantial evidence. "Such a trial is one kind of a trial de novo, and the somewhat limited trial can be held, as the statute requires, under the rules applicable to ordinary civil suits."

See also Davis v. City of Lubbock, 160 Tex. 38, 326 S.W.2d 699, 711, holding unconstitutional Sec. 17 of the Urban Renewal Act (Art. 1269 L–3 V.A.T.S.) which provided that in any suit brought to review or suspend any order or other act of the City or other agency, the trial shall be de novo as that term is understood in an appeal from the Justice to the County Court. It further provided that evidence should not be heard as to the validity or reasonableness of the order and that the trial shall be "entirely free of the so-called 'substantial evidence' rule".

It would unduly lengthen this opinion to set forth a detailed analysis of the history of the substantial evidence rule in this State. Suffice it to say that it now seems well established by the decisions of our Supreme Court that judicial reviews of non-judicial rulings, decisions and orders of administrative bodies must be conducted and determined under the substantial evidence rule, that for the courts of our State to grant a full retrial of the issues in such cases and substitute the judgments of the courts for the decisions of the administrative agencies would constitute an invasion by the judicial department of our State government into the exclusive fields set apart by the Constitution to the legislative or executive departments, and that any attempt by the Legislature to provide to the contrary is unconstitutional and invalid.[1]

■ It is our view that the function and action of appellee in the case before us was neither judicial nor quasi-judicial and that the trial court was correct in applying the substantial evidence rule. Appellant's second point is therefore overruled.

Appellant's third and fourth points will be treated together, as they are in appellant's brief. By its third point appellant urges that it was error to grant the summary judgment because the evidence raised genuine issues as to material facts; and its fourth point argues that, if appellant's rights are to be determined under the substantial evidence rule, appellant is entitled to have that rule applied to the evidence heard in court rather than merely to the evidence adduced in the administrative hearing.

■ It is apparent from the record before us that there was no evidence introduced in or admitted by the trial court in support of, or which was competent to support, the motion for summary judgment. It is well established that in such cases the trial court does not act as a reviewing court in the sense that it reviews the evidence adduced at the administrative hearing and then determines whether that evidence was substantial enough, or sufficient to establish the action of the administrative body. There must be substantial evidence introduced *in the trial court* and admitted and heard by that court to the effect that at the time of the administrative order appealed from there was in existence substantial evidence to support the same. Railroad Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022; Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198.

■ So far as we can determine from the record before us, appellee's motion for summary judgment was presented in the trial court and considered by that court on the theory that the function of the court below was to review the testimony heard by appellee at the administrative hearing

1. At the general election in November 1962 a proposed amendment to Art. II of the Texas Constitution, which would have authorized the Legislature to provide by general law for appeals to the courts from actions of administrative agencies under such provisions and limitations as the Legislature may deem necessary and desirable, requiring the courts to determine such appeals by a true de novo trial, was rejected by the voters.

and determine whether or not it was sufficient to support the order revoking appellant's license.

Appellee's motion for summary judgment recites that there are attached thereto and made a part thereof "the sworn statements of" five witnesses who testified at the administrative hearing including Dr. John R. Beall, Administrator of the appellant. Included in the record is a typewritten volume entitled "Transcript of Proceedings" in which the "testimony" of the five witnesses at the administrative hearing is included. In each instance, after reciting the name of the witness, appear the following words: "having been previously sworn, testified on his oath as follows:" No showing whatever is made as to what person authorized by law to administer oaths administered any oath to the said witnesses, nor what oath was administered; and no showing whatever is made that any of the five witnesses was competent under law to make oath. Nowhere in the entire record do we find the signature of any one of the five witnesses or even a recitation that the so-called "testimony" was ever signed or sworn to by any of the witnesses. The only signature we find is that of John W. Rice, Jr., who certified at the end of the said "Transcript of Proceedings" that he reported in shorthand the proceedings had at the time and place set forth and that the volume contains a full, true and correct transcript of said proceedings. Under Rice's signature appear the words "Court Reporter." We find no authority in the Texas Hospital Licensing Law for the appointment of an official reporter to report its proceedings and hence must assume that John W. Rice, Jr., was employed by one party or the other to report the proceedings. No showing is made either that Rice was a Notary Public or that he administered any oath to any of the witnesses.

Rule 166–A, Vernon's T.R.C.P., provides in Sub-division (c) that "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In Sub-division (e) it is provided that "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." Attached as Exhibit "A" to appellee's answer is a copy of a document entitled "Rules, Regulations and Minimum Standards Approved by the Licensing Agency" State Board of Health as specified in the Texas Hospital Licensing Law, Senate Bill No. 121, passed by the 56th Legislature, regular session, codified as Art. 4437f V.C.S. This does not purport to be certified or sworn to by anyone. Another copy of this document, certified to by the Secretary of State, is among the papers transmitted to this Court, although there is nothing in the record to indicate that it was introduced in evidence or considered by the trial court.

The judgment appealed from does not recite that the court heard *any* evidence, merely that "the court after duly considering all of such pleadings and after hearing argument of counsels (*sic*) is of the opinion that the Motion for Summary Judgment of the defendant Texas State Board of Health should be in all things affirmed."

Our Supreme Court has held that a party is entitled to a summary judgment only by virtue of the provisions of Rule 166–A and that before such a judgment can properly be rendered the provisions of that rule must be strictly followed. Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274; Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929; Womack v. Allstate Insurance Company, 156 Tex. 467, 296 S.W.2d 233; Wilson v. Mitchell, Tex.Civ.App., 299 S.W.2d 406, no wr. hist. See also McDonald, Texas

Civil Practice, Vol. 4, page 1392, Sec. 17.-26 (VI).

We do not hold that summary judgment procedure is improper in this case, and do not intend hereby to foreclose appellee from presenting such a motion upon another trial of this case. We merely hold that in this instance appellee's motion for summary judgment does not meet the requirements of Rule 166–A. Accordingly we sustain appellant's fourth point, reverse the judgment and order the case remanded to the trial court for further proceedings not inconsistent with this opinion.

Reversed and remanded.