**Robert B. CRUZ, Appellant,**

v.

**CITY OF SAN ANTONIO et al., Appellees.**

**No. 14653.**

Court of Civil Appeals of Texas.

San Antonio.

Jan. 24, 1968.

Jack Paul Leon, San Antonio, for appellant.

Sam S. Wolf, J. Bruce Aycock, San Antonio, for appellees.

BARROW, Chief Justice.

Appellant, Robert B. Cruz, complains of a take-nothing summary judgment rendered in his appeal to the district court under Section 18 of Art. 1269m, Vernon's Ann. Civ.St., from an order of appellee Firemen's & Policemen's Civil Service Commission of the City of San Antonio dismissing him from the police department, based on charges filed by appellee George W. Bichsel, Chief of Police. Two principal questions are presented: 1. Is the summary judgment rule (Rule 166–A, Texas Rules of Civil Procedure) applicable to such an appeal? 2. If so, was this take-nothing judgment properly granted on the transcript of the testimony heard by the Commission?

■ It is well settled that although Sec. 18 of Art. 1269m, supra, provides that in an appeal to the district court from a final decision of the Commission such case shall be tried de novo, this provision does not require a de novo trial in the full sense, but rather a trial under the substantial evidence rule. Firemen's & Policemen's Civil Service· Commission v. Hamman, 404 S.W.2d 308 (Tex.Sup.1966); Fire Department of City of Fort Worth v. City of Fort Worth, 147 Tex. 505, 217 S.W.2d 664 (1949).

■ In a trial under the substantial evidence rule the issue is whether the evidence *introduced before the trial court* shows facts in existence as of the time the order was entered, of such a substantial nature as to reasonably support the order. This issue is one of law and trial of the fact issues by a judge or jury is avoided. Firemen's & Policemen's Civil Service Commission v. Hamman, supra; Southern Canal Co. v. State Board of Water Engineers, 159 Tex. 227, 318 S.W.2d 619 (1958); Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198 (1949); Kavanagh v. Holcombe, 312 S.W.2d 399 (Tex.Civ.App.—Houston 1958, writ ref'd n. r. e.).

■ We have been unable to find any authority restricting the application of the summary judgment practice in a case tried under the substantial evidence rule. Although the question of the application of· such practice has seldom been raised, it is seen that summary judgments have been granted in many cases brought under this rule. See Texas Dept. of Public Safety v. Miller, 386 S.W.2d 760 (Tex.Sup.1964); Simmons v. Department of Public Safety, 350 S.W.2d 212 (Tex.Civ.App.—Texarkana 1961, no writ); City of Houston v. Peyton, 316 S.W.2d 152 (Tex.Civ.App.—Waco 1958, no writ); Beall Medical Surgical Clinic & Hospital, Inc. v. Texas State Board of Health, 364 S.W.2d 755 (Tex.Civ.App.—Dallas 1963, no writ).

Summary judgments granted in cases appealed to the district court pursuant to Art. 1269m have been upheld. See Civil Service Commission of City of Lufkin v. Crager, 384 S.W.2d 381 (Tex.Civ.App.—Beaumont 1964, writ ref'd n. r. e.); Lombardino v. Firemen's & Policemen's Civil Service Commission, 310 S.W.2d 651 (Tex.Civ.App. —San Antonio 1958, writ ref'd n. r. e.); Reagan v. Bichsel, 284 S.W.2d 935 (Tex. Civ.App.—San Antonio 1955, writ ref'd n. r. e.); Simpson v. City of Houston, 260 S.W.2d 94 (Tex.Civ.App.—Galveston 1953, writ ref'd n. r. e.). In our opinion Rule 166–A, supra, is applicable to cases appealed to the district court pursuant to Sec. 18 of Art. 1269m, supra.

■ Appellant urges that the summary judgment was improperly granted here, in that it is supported only by a transcript of the testimony heard by the Commission and is not based on evidence adduced before the trial court. It is settled under the substantial evidence rule that the record must be made in the trial court. Beall Medical Surgical Clinic & Hospital, Inc. v. Texas State Board of Health, supra; Kavanagh v. Holcombe, supra; Firemen's & Policemen's Civil Service Commission v. Tinsley, 304 S.W.2d 435 (Tex.Civ.App.—Texarkana 1957, writ ref'd n. r. e.).

■ It must be recognized, however, that a summary judgment record which is made in the trial court consists of pleadings, depositions and admissions filed in the case, together with any affidavits supporting or opposing the motion. Rule 166–A(c), T.R. C.P.; Richards v. Allen, 402 S.W.2d 158 (Tex.Sup.1966); Gaines v. Hamman, 163 Tex. 618, 358 S.W.2d 557 (1962); McDonald, Texas Civil Practice, Cumulative Supp., § 17.26.4. Such affidavits must be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein. Rule 166–A(e); Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230 (Tex.Sup.1962); Box v. Bates, 162 Tex. 184, 346 S.W.2d 317 (1961).

■ In support of their motion for summary judgment, appellees filed a copy of the

order of the Police Chief suspending appellant, together with the affidavits of Kenneth Howard and Jim Dorsey. These two affidavits are substantially the same and, in each, affiant says that he was a court reporter and Notary Public in and for Bexar County, and took down the verbatim proceedings of the hearing of Cruz before the Commission by use of a stenograph. Affiant then transcribed the proceedings from shorthand notes to typewritten pages, and the transcript attached contains the testimony at the hearing.[1] Attached as Exhibit "B" to said motion is a transcript of the testimony as prepared and certified to by these two affiants in their capacity as "Court Reporter and Notary Public in and for Bexar County, Texas." In opposition to the motion for summary judgment, appellant filed his affidavit wherein he stated that the findings of the Commission are not based upon substantial evidence, that substantial evidence was not presented at the hearing, and that the Commission acted arbitrarily, capriciously and unreasonably in reaching their decision. Appellant swore that he did not violate the Civil Service Rules under which he was charged and was not guilty of the charges alleged against him.

There are no affidavits by or depositions of any of the witnesses who testified at the Commission hearing in this record, and the transcribed testimony of these witnesses is not subscribed or sworn to by any of said witnesses. There is no provision in Art. 1269m for the appointment of a court reporter, or for a transcript of the testimony. Affiants would have no more authority than any other spectator to testify at a trial on the merits as to what testimony was given at the Commission hearing and such testimony would clearly be hearsay.

We have found four substantial evidence rule cases wherein a transcript of the evidence before the administrative body was filed in the trial court as a basis for sum-

mary judgment. In Lombardino v. Firemen's and Policemen's Civil Service Commission, supra, and in Reagan v. Bichsel, supra, *both parties* moved for summary judgment based upon the transcript of the evidence of the Commission hearing. Although this question was not raised or considered in either case, any objection to the transcript would have been waived by the adoption of such transcript by both parties as a basis for their motions. Pollock v. Lowry, 345 S.W.2d 587 (Tex.Civ.App.—San Antonio 1961, writ ref'd n. r. e.).

In Simpson v. City of Houston, supra, the motion for summary judgment was based upon an affidavit which incorporated the record of the testimony and proceedings before the Commission. The nature of this affidavit or the form of the transcript is not shown or discussed in the opinion affirming the said judgment. However, in Kavanagh v. Holcombe, supra, the same Court, in discussing the *Simpson* case, stated that the city attorney had made an uncontroverted affidavit that this was all of the evidence that could be produced.

In Beall Medical Surgical Clinic & Hospital, Inc. v. Texas State Board of Health, supra, the question was squarely presented as to the competency of a transcript of proceedings setting forth the testimony heard by the Board. It is seen that the transcript was there certified in a manner similar to that used by the reporters Howard and Dorsey. It was held after a full discussion that the transcript was not competent evidence before the trial court to support the motion for summary judgment. We believe that this is the correct rule. See also Pollock v. Lowry, supra.

Appellees urge that any objection to this evidence was waived by appellant's failure to except to same in the trial court. In support thereof they cite Youngstown Sheet & Tube Co. v. Penn, supra. In our case, however, the factual statements in the record, like those in Box v. Bates, supra,

1. Howard's notes are set forth on 81 typewritten pages, and Dorsey's notes consist of an additional 651 pages.

are obviously based on hearsay. The affiants Howard and Dorsey do not purport to have any personal knowledge of the facts relating to the charges against appellant. It cannot be said that appellees' failure to show that affiants were competent to testify to the matters contained in the transcript was purely formal and could have been corrected. Rather, it must be said that there is no competent evidence in the record to support appellees' motion for summary judgment. We are not authorized under Rule 437, T.R.C.P., to permit appellees to file supplemental affidavits in this Court in support of such motion, in that this rule relates only to "defects or irregularities in appellate procedure."

There is no competent evidence in the summary judgment record before us to support the take-nothing judgment rendered by the trial court. The judgment of the trial court is therefore reversed and the cause remanded.