**George I. TAYLOR, Appellant,**

v.

**AMERICAN EMERY WHEEL WORKS et al., Appellees.**

**No. 694.**

Court of Civil Appeals of Texas, Corpus Christi.

April 13, 1972.

Rehearing Denied May 4, 1972.

John H. Holloway, Houston, for appellant.

Kleberg, Mobley, Lockett & Weil, Leslie S. Lockett, Corpus Christi, for appellees.

## OPINION

BISSETT, Justice.

George I. Taylor, as plaintiff, sued American Emery Wheel Works, Chicago Pneumatic Tool Co., both foreign corporations, and Acme Welding Supply, Inc., a domestic corporation, whose principal place of business is located in Harris County, Texas, as defendants, for personal injuries sustained when he was struck in the forehead by a portion of a grinding wheel which broke while in normal use. At the time of the injury, plaintiff, according to the allegations of his petition, was using a grinder that was manufactured by Chicago Pneumatic Tool Co., that contained a grinding wheel which was manufactured by American Emery Wheel Works and was sold through Acme Welding Supply, Inc., a distributor of American Emery Wheel Works.

George I. Taylor, hereinafter called appellant, seeks a judgment in personam against American Emery Wheel Works, hereinafter called appellee. He sought to obtain jurisdiction of appellee by having a citation served on the Secretary of State of the State of Texas pursuant to Article 2031b, Vernon's Ann. Civ. St. After such citation was so served and returned, appellee filed a special appearance under Rule 120a, Texas Rules of Civil Procedure, whereby it challenged the jurisdiction of the trial court over appellee's person. It alleged that its person was "not amenable to process by the courts of this state in this cause for the reason that defendant, as alleged in the pleading, is a nonresident of the state", and "defendant does not have, with regard to the cause of action alleged by plaintiff, those minimum contacts with the State of Texas that will constitutionally support jurisdiction over defendant's person in this cause". A hearing was had on the plea on September 24, 1971. Appellant did not appear, and, of course, offered no evidence. The trial court, by order entered on September 24, 1971, sustained the plea, severed the cause of action from that

asserted against the remaining defendants, and dismissed the suit with respect to appellee. Appellant has timely perfected an appeal. We affirm.

The judgment of dismissal made the basis of this appeal, in part, recites:

"The court proceeded to hear evidence and authorities, and having heard and considered same is of the opinion and finds that such objection of American Emery Wheel Works to the jurisdiction of this court over it should be sustained."

Appellant filed the transcript on November 18, 1971. Included therein (among other documents) were (a) the pleadings of the parties; (b) the written deposition of Mr. Louis J. Van Orden, President of appellee corporation, consisting of direct interrogatories propounded by counsel for appellee to him, and his answers thereto; (c) written interrogatories served on appellee and its attorneys by appellant pursuant to Rule 168, T.R.C.P., together with the answers made in response thereto; and (d) the judgment.

No findings of fact or conclusions of law were requested or filed. The judgment does not contain findings of fact. There is no statement of facts in the record, nor was appellee's plea submitted to the trial court upon an agreed statement of facts as provided by Rule 263, T.R.C.P.

Appellant's brief was filed on December 13, 1971. He asserts, in substance, that the trial court erred in dismissing his suit against appellee (a) "on the basis that Plaintiff's cause of action did not establish there was minimum contacts with the State of Texas that would constitutionally support jurisdiction over Defendant's person"; (b) "on the basis that the Court did not have jurisdiction over Defendant's person under Texas 'strict warranty' law" ; and (c) "in holding that the Appellee did not have sufficient minimum contacts with the State of Texas to constitutionally support jurisdiction over the Appellee under Article 2031b".

Appellee filed its brief on December 30, 1971. It contends that (a) appellant failed to sustain his burden of showing that what transpired in the trial court was insufficient or erroneous; (b) the record on appeal shows that appellant's cause of action alleged against appellee did not come within the "minimum contacts" required to have jurisdiction under Article 2031b, V.A.C.S.; and (c) the record shows that the cause of action alleged was not within the principles of strict liability.

Thereafter, appellant, on March 9, 1972, filed a motion in this Court for leave to file a supplemental transcript and the official court reporter's certification of what transpired at a special hearing had in the trial court on March 4, 1972, entitled by him as "Statement of Facts of March 4, 1972 Hearing". He states in his motion that "there was no oral testimony offered by either side at the time of the hearing" and that the purpose of the hearing on March 4, 1972 was to correct a clerical error in the recitation in the judgment that the court "proceeded to hear evidence". He orally requested the trial court at that hearing to modify the judgment theretofore rendered by striking the words "heard evidence" and to enter a nunc pro tunc judgment reciting that "the Court considered such evidence as was contained in the official file relating to the interrogatories submitted between the various parties". The trial court refused to enter a nunc pro tunc judgment or to modify in any manner the judgment rendered on September 24, 1971. Appellant argues that he should be permitted to file the supplemental transcript and the reporter's certification of what happened at the hearing on March 4, 1972 "to establish the fact that no Statement of Facts is applicable as to this appeal", and "the Statement of Facts concerning such hearing is submitted for filing under certification of the Official Court Reporter and the Presiding Judge, reflecting that the only evidence before the Court at the time of the hearing made the basis of this appeal was the deposition and inter-rogatory evidence contained in the Court's file".

At the time appellant filed the aforesaid motion, the record consisted of the transcript only. Appellant has made no effort to obtain and file a statement of facts containing the evidence presented to the trial court. The motion is not supported by any facts or any character of evidence that shows good cause for filing at this time. A statement of facts cannot be filed now under the mandatory provisions of Rule 386, T.R.C.P.; the time for filing the same expired long before March 9, 1972, when the motion was filed in this Court.

Appellant does not contend in his motion that there was no evidence introduced at the hearing on appellee's plea held on September 24, 1971. Instead, he admits that evidence was introduced and he identifies the evidence. The items requested by appellant to be filed herein do not come within the purview of Rule 428, T.R.C.P., as nothing material to either party concerning this appeal was omitted from the original transcript, and there is no statement of facts on file that can be corrected or supplemented. An account of what happened at the hearing on March 4, 1972 is not required in order for the record on appeal to speak the truth. Nothing has been presented by the motion or by the requested filings that refute the recital in the judgment that the trial court heard evidence.

The thrust of appellant's motion is to get evidence that he identifies as being found only in the transcript before us for review. The motion shows on its face that evidence was presented at the hearing on September 24, 1971. Therefore, there can be no question but that a properly authenticated statement of facts containing such evidence was required to be timely filed in this Court if such evidence is to be reviewed on appeal.

When the transcript contains the necessary information showing either fundamental error or that the trial court com-

mitted reversible error, the judgment may be reversed. As a general rule, however, it is necessary that either a statement of facts be filed or findings of fact by the trial judge be included in the transcript, before the sufficiency of the evidence to support the judgment may be questioned on appeal. Huckman v. Campbell, 255 S.W.2d 591 (Tex.Civ.App.—San Antonio 1953, n. w. h.). Fundamental error is not shown in the record. The fact that the transcript in the instant case contained the deposition and answers to interrogatories does not mean that they were or were not introduced in evidence. The record is completely silent with respect thereto. No presumption exists that they were or were not considered by the trial court. In the instant case, we cannot consider items or documents appearing in the transcript as evidence. It is immaterial as to whether the evidence adduced at the hearing on September 24, 1971, was oral testimony, depositions, answers to interrogatories, or otherwise. Under the record presented, we are not required to determine whether or not the state of the evidence was such as to warrant the judgment rendered by the trial court. We, therefore, cannot disturb the judgment. Chavers v. Lucenay, 329 S. W.2d 503 (Tex.Civ.App.—Waco 1959, n. w. h.); Cosey v. Supreme Camp of American Woodmen, 103 S.W.2d 1076 (Tex.Civ. App.—Ft.Worth 1937, writ dism'd).

■ Appellant's motion for leave to file the supplemental transcript and the certification of the proceedings had on March 4, 1972 is denied. To hold otherwise would amount to a late filing of what is tantamount to a statement of facts and would produce a record before us that explains, pinpoints, and limits the evidence produced before the trial court at the hearing on September 24, 1971. To grant appellant's motion and permit the filing of the record of the proceedings of March 4, 1972, would, in effect, extend the time for filing of a statement of facts beyond the limits imposed by Rule 386, T.R.C.P. This we cannot do.

■ There being no statement of facts in the record we do not know what constituted the evidence, but inasmuch as the court's judgment recites that evidence was heard, we must presume that the evidence, whatever it might have been, was sufficient to support the judgment of the trial court. Mays v. Pierce, 154 Tex. 489, 281 S.W.2d 79 (1955); Lane v. Fair Stores, 150 Tex. 566, 243 S.W.2d 683 (1951); Frederickson v. Cochran, 449 S.W.2d 329 (Tex.Civ.App.—Beaumont 1969, writ ref'd n. r. e.); Rea Express v. Missouri Pacific Railroad Company, 447 S.W.2d 721, 725 (Tex.Civ.App.—Houston 14th 1969, writ ref'd n. r. e.); Carver v. City of Wichita Falls, 427 S.W.2d 636 (Tex.Civ.App.—Ft. Worth 1968, writ ref'd n. r. e.); Thrasher v. Hensarling, 406 S.W.2d 515 (Tex.Civ. App.—Waco 1966, n. w. h.).

■■ It is only in an exceptional case that an appellant is entitled to a reversal of the trial court's judgment in the absence of a statement of facts. Houston Fire & Casualty Ins. Co. v. Walker, 152 Tex. 503, 260 S.W.2d 600 (1953). This is not such an exceptional case. Every reasonable presumption consistent with the record will be indulged in favor of the correctness of the judgment. McElyea v. Parker, 125 Tex. 225, 81 S.W.2d 649, 653 (1935).

■ It is not incumbent upon an appellee to show that his judgment is sustained by the evidence, but the burden is on the appellant to bring before the appellate court a record that shows error which requires a reversal. Englander Co., Inc. v. Kennedy, 428 S.W.2d 806 (Tex.Sup.1968); Peoples v. United States Casualty Company, 311 S.W.2d 746 (Tex.Civ.App.—Houston 1958, writ ref'd n. r. e.); Baker v. Rutherford, 293 S.W.2d 669 (Tex.Civ.App. —Waco 1956, writ ref'd n. r. e.); Gill v. Willis, 282 S.W.2d 88 (Tex.Civ.App.— Eastland 1955, n. w. h.). No such showing is made by appellant. "When the complaint is that the evidence is factually or legally insufficient to support vital findings of fact, or that the evidence conclusively refutes vital findings, this burden

cannot be discharged in the absence of a complete or an agreed statement of facts." Englander Co., Inc. v. Kennedy, supra.

 In this case, appellee had the burden of pleading and presenting sufficient evidence in the trial court to establish that it was not amenable to process issued by the courts of this state. Roquemore v. Roquemore, 431 S.W.2d 595 (Tex.Civ.App. —Corpus Christi 1968, n. w. h.). Appellant does not challenge the sufficiency of the pleadings filed by appellee. As already noted, the judgment recital is conclusive on the issue of evidence. There is no showing that appellee failed to discharge its burden.

In the absence of a complete record of the evidence before the trial court (which appellant should have and could have brought forward by the timely filing of a statement of facts setting out the evidence that was presented to the trial court) we cannot say that the judgment rendered by the trial court is erroneous.

All of appellant's points of error and contentions are overruled.

The judgment of the trial court is affirmed.