**TEXAS EMPLOYMENT COMMISSION, Appellant,**

v.

**CITY OF HOUSTON, Appellee.**

**No. 17834.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 5, 1981.

Rehearing Denied March 12, 1981.

Mark White, Atty. Gen., Diane Van Helden, Asst. Atty. Gen., Austin, for appellant.

Edward A. Cazares, City Atty., Marsha Kaufman, Asst. City Atty., Houston, for appellee.

PEDEN, Justice.

The Texas Employment Commission (TEC) appeals from the granting of a summary judgment in favor of the City of Houston. The judgment reversed a TEC award of unemployment compensation benefits to a school crossing guard, Ms. Lutisha Ford, during the summer months.

Ms. Ford had worked ten hours per week for the City of Houston during each school year since 1977. After her employment period ended at the end of the school year on May 31, 1979, she filed a claim with the TEC for unemployment benefits, and it was allowed over Houston's protest. After the City had exhausted all administrative remedies available within the TEC, it appealed to a Harris County Civil Court at Law.

The trial court's summary judgment recited, *inter alia*, that as a matter of law Ms. Ford was ineligible to receive unemployment compensation benefits for the period between the 1978–1979 and 1979–1980

school years because 1) her employment by the City as a school crossing guard constitutes performance of services for an educational institution, which are exempted from unemployment benefits coverage pursuant to the Texas Unemployment Compensation Act, Article 5221b–1(f), Vernon's Tex.Civ. Stat., 2) there was not substantial evidence based on the record before the TEC for a finding that Ms. Ford is entitled to unemployment compensation benefits for the period in question because she did not meet the statutory conditions of availability for work required by Article 5221b–2(d), 3) there was not substantial evidence based on the record before the TEC for a finding that Ms. Ford is qualified for unemployment compensation benefits under paragraph (c) of Article 5221b–3 for the period between the 1978–79 and the 1979–80 school years because she failed to apply for or to accept available, suitable work, and 4) the administrative procedures employed by TEC at the Appeals Tribunal hearing denied the City due process protections under the constitutions of Texas and the United States.

A central issue in this case involves the construction of the educational services exemption of the Texas Unemployment Compensation Act. As to that aspect this appears to be a case of first impression in Texas. The pertinent part of Article 5221b–1(f) provides:

(f) *Equal Treatment:* Benefits based on services for all employers in employment defined in subsection 19(f) shall be payable in the same amount, on the same terms, and subject to the same conditions; except that:

(1) with respect to services in an instructional, research, or principal administrative capacity for an educational institution, benefits shall not be payable based on those services for any week commencing during the period between two (2) successive academic years or terms (or, when an agreement provides instead for a similar period between (2) regular but not successive terms, during that period) to any individual if the individual performs those services in the first of the academic years (or terms) and if there is a contract of reasonable assurance that the individual will perform services in that capacity for any educational institution in the second of the academic years (or terms);

(2) with respect to *services in any other capacity for an educational institution* (other than an institution of higher education), benefits shall not be payable on the basis of those services to any individual for any week which commences during a period between two (2) successive academic years or terms if the individual performs those services in the first of the academic years or terms and there is a *reasonable assurance* that the individual will perform those services in the second of the academic years or terms; (emphasis added)

(3) with respect to any services described in Paragraphs (1) and (2), benefits shall be denied to any individual for any week which commences during an established and customary vacation period or holiday recess if such individual performs such services in the period immediately before such vacation period, or holiday recess and there is a reasonable assurance that such individual will perform such services in the period immediately following such vacation period, or holiday recess.

The appellant's first point of error is: The Trial Court erred in granting appellee's motion for summary judgment because it wrongly concluded that employment as a school crossing guard is within the exemptions found in Tex.Civ.Stat. Ann. Article 5221b–1(f) as services performed for an educational institution.

TEC argues that a person cannot perform "services in any other capacity for an educational institution" unless they also are employed by that institution. The City disagrees, saying that the claimant's services were primarily, if not solely, rendered for the school system.

■ Whenever possible, statutes should be given their everyday, reasonable meaning, *Banks v. Chicago Grain Trimmers As-*

*sociation,* 390 U.S. 459, 465, 88 S.Ct. 1140, 1144, 20 L.Ed.2d 30 (1968); *Martinez v. Texas Employment Commission,* 570 S.W.2d 28, 32 (Tex.Civ.App.1978, no writ), and it is assumed that the ordinary meaning of the words used expresses the legislative intent. *Richards v. United States,* 369 U.S. 1, 9, 82 S.Ct. 585, 590, 7 L.Ed.2d 492 (1962). Under the provisions of subsection (f)(2) of Article 5221b–1, unemployment benefits shall not be payable on the basis of service performed (in any capacity other than those listed in the first subsection) for an educational institution other than an institution of higher learning if 1) the employee performed those services in the prior academic year and 2) there is a reasonable assurance that the individual will perform those services in the next academic year.

Ms. Ford was employed by the City as a school crossing guard. Her function was to provide safe passage for children crossing the streets before and after each school day at an intersection near an elementary school.

■ A city exercises its police power in regulating traffic, and this is a governmental function. *See City of Austin v. Daniels,* 160 Tex. 628, 335 S.W.2d 753 (1960). It is not a function conferred upon the educational institutions of the State.

■ We hold that the City has not established as a matter of law that Ms. Ford performed services for an educational institution; rather, we consider that she performed them for the City's school-age children. We sustain TEC's first point.

Before we review the summary judgment evidence submitted to the trial court, we must decide whether judicial review of the TEC decision is confined to the record made in that agency.

Prior to August 27, 1979, the provisions of the Administrative Procedure and Texas Register Act (APTRA), Vernon's Tex.Civ. Stat. art. 6252–13a § 19, governed judicial review of decisions of the Texas Employment Commission, but effective on that date subsection f was added to Section 21 of the Act. It provided that Sections 12–20 of

the Act no longer apply to TEC hearings to determine whether a claimant is entitled to unemployment compensation. Ms. Ford's claim for benefits was filed on June 26, 1979; the City exhausted its administrative remedies within the agency on December 5, 1979, and filed this suit on January 30, 1980. The proceedings within the agency were conducted under APTRA standards, but by the time the appeal to judicial review was filed, the provisions of Section 19 of AP-TRA were no longer applicable, and judicial review of TEC decisions in cases such as ours was, once again, by trial in court upon a new record without regard to the evidence heard by the TEC unless that evidence was properly introduced in the trial court. See *Cruz v. City of San Antonio,* 424 S.W.2d 45 (Tex.Civ.App.1968, no writ); *Trapp v. Shell Oil Co.,* 145 Tex. 323, 198 S.W.2d 424 (1946).

■ It is settled that as to procedural statutes the Legislature may make changes applicable to future steps in pending cases; a litigant has no vested right in a procedural remedy. *Merchants Fast Motor Lines, Inc. v. Railroad Commission of Texas,* 573 S.W.2d 502 (Tex.1978).

Although the administrative procedures in our case were conducted under APTRA standards, we can find no reason to delay the application of Section 21(f) of APTRA beyond its effective date. It would be fair to all parties in our case to review those administrative procedures in accordance with Section 21(f), since that would result in a trial upon a new record and all parties could offer evidence. We sustain the City's cross-point, which complained that the trial court erred in failing to consider the City's exhibit I, attached to its motion for summary judgment, and alleged that the exhibit was properly before the court under the substantial evidence rule.

It is apparent from the trial court's judgment that its review of the TEC administrative procedures was conducted pursuant to Section 19 of APTRA.

It was stated in *Rock Island Independent School District No. 907 v. County Board of*

*School Trustees of Colorado County, Texas,* 423 S.W.2d 665 (Tex.Civ.App.1968, writ ref'd n. r. e.):

> In a trial under the substantial evidence rule, on appeal to the ... court from an order of an administrative agency, the proceeding is not a trial de novo. The plaintiff has the burden of proving the absence of substantial evidence, that is, the burden of proving that the action of the county board was illegal, arbitrary, capricious, unreasonable or discriminatory. It is the evidence adduced in the trial court, not in the hearing, if any, conducted by the administrative agency, which is determinative of the issue of substantial evidence. The issue of substantial evidence is one of law to be answered by the court—not a question of fact to be answered by the jury. Under the substantial evidence rule, the administrative order in question will be upheld if, considering the entire record in the trial court, that order finds reasonable support in the evidence. (citations omitted)

■ Summary judgments granted in cases tried under the substantial evidence rule must be based on a record made in the trial court. One who moves for summary judgment in his appeal under the substantial evidence rule from an administrative order has the burden of introducing sufficient evidence to prove that reasonable minds could not have reached the conclusion that the administrative agency reached in order to justify its action. *Mobil Oil Corp. v. Matagorda County Drainage District No. 3,* 580 S.W.2d 634 (Tex.Civ.App.1979), *reversed on other grounds,* 597 S.W.2d 910 (1980).

■ TEC's second point of error is that the trial court erred in concluding that there was not substantial evidence to support TEC's determination that the claimant was available for work as required by Article 5221b–2(d). The appellant's third point is not clear, but we assume from the argument made under it that it is a complaint directed at the recital in the judgment that there was not substantial evidence, based on the record before the TEC, for a finding that Ms. Ford is qualified for unemployment compensation benefits under paragraph (c) of Article 5221b–3 for the period between the 1978–79 and the 1979–80 academic school years because she failed to apply for or accept available, suitable work.

Stated briefly, TEC contends in its second and third points that based on the record of its administrative proceedings there was substantial evidence that Ms. Ford met the availability for work requirements of the statute and that she had applied for suitable work. We sustain these points. However, as we have stated, the judicial review was conducted under the provisions of AP-TRA, Section 19, which we hold to be the wrong procedure. We have examined all the evidence in the record of the administrative proceedings, but we conclude that no useful purpose would be served by reviewing it here.

■ The appellant's fourth point of error is that the trial court erred in excluding its items 10, 11 and 12 attached to its response to the City's motion for summary judgment because those items were properly before the court as parts of the agency record pursuant to Article 6252–13a (APTRA).

We overrule this point. Again, APTRA provisions should not have been applied to judicial review of the TEC administrative procedure in this case. The items in question were not in affidavit form and were not shown to be proper summary judgment evidence in this case. See *Cruz v. City of San Antonio,* 424 S.W.2d 45 (Tex.Civ.App. 1968, no writ).

We next consider what judgment we should enter. The judgment in this case was not an errorless one. We hold that the parties should be given an opportunity to present evidence in the trial court as to several issues, among which are Ms. Ford's availability for work and whether she had applied for suitable work. We remand this cause to the trial court in the interest of justice. Rule 434, T.R.C.P.; *See Scott v. Liebman,* 404 S.W.2d 288 (Tex.1966).

The judgment in this case is reversed and this cause remanded for disposition under

the substantial evidence rule as set out in *Southern Canal Co. v. State Board of Water Engineers*, 159 Tex. 227, 318 S.W.2d 619 (1958).

COLEMAN, C. J., and SMITH, J., participated.