**TEXAS EMPLOYMENT COMMISSION and Peter R. Kalogris, Appellants,**

**v.**

**BELL HELICOPTER INTERNATIONAL, INC., Appellee.**

No. 18604.

Court of Appeals of Texas, Fort Worth.

Jan. 21, 1982.

Rehearing Denied Feb. 18, 1982.

Mark White, Atty. Gen. and Marilynn D. Bailey, Asst. Atty. Gen., Austin, for appellants.

Brown, Herman, Scott, Dean & Miles and Grant Liser, Fort Worth, for appellee.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

The Texas Employment Commission (TEC) appeals from a judgment which reversed a TEC award of unemployment compensation benefits to Peter R. Kalogris, who had worked as a Bell helicopter pilot (BHI) instructor in Isfahaw, Iran. The case is before us without a statement of facts.

We affirm.

From the briefs of the parties, we learn that Peter R. Kalogris and approximately 190 other helicopter pilots were employed by Bell. The pilots were hired in the United States, but worked in Iran, under a contract to train Iranian military personnel to become helicopter pilots.

A mid-air collision in February, 1975, resulting in the death of four American pilots, started the chain reaction of events that culminated in termination of Peter Kalogris' employment and subsequent return to the United States. During the two weeks before his termination, 140 pilots ceased working and refused to return to their jobs because they regarded the flying conditions as unsafe.

The employer refused to recognize the association or to bargain with it, on the grounds that the laws of Iran prohibited unions of employees. By memorandum, each association member was ordered to report to work at a specified day and hour and given notice that failure to report as ordered would raise the presumption that the pilots had abandoned their position and that termination would follow.

About forty of the pilots returned to work; however, nearly one hundred continued the protest and received termination notices. One of these was Kalogris. The employer stressed that positions were available for any pilot who desired to continue employment with BHI. Kalogris did not

desire to do so. He filed his claim for benefits with TEC.

The TEC conducted a hearing at which it found that although Kalogris left his work, he did so with good cause, and therefore Tex.Rev.Civ.Stat.Ann. art. 5221b–3 (1971) did not disqualify him from the right to receive unemployment compensation.

Bell filed this suit, contending that the TEC order was erroneous because the TEC findings of fact and conclusions of law were unsupported by the evidence heard by TEC.

After hearing without a jury, the trial court set aside the TEC decision and remanded the matter to the TEC for its entry of an order that Kalogris is disqualified for benefits pursuant to art. 5221b–3(a) and (b) and that Bell may not be charged for benefits claimed or paid to Kalogris in this matter.

Prior to August 27, 1979, the provisions of the Administrative Procedure and Texas Register Act (APTRA), Tex.Rev.Civ.Stat. Ann. art. 6252–13a sec. 19 (1981), governed judicial review of decisions of the Texas Employment Commission, but effective on that date subsection (f) was added to section 21 of the Act. It provided that sections 12–20 of the Act no longer apply to TEC hearings to determine whether a claimant is entitled to unemployment compensation. Mr. Kalogris' claim for benefits was filed in August, 1975; BHI exhausted its administrative remedies within the agency in March, 1976; filed this suit in April, 1976, and trial upon the merits was had February, 1980.

■ It is settled that as to procedural statutes the Legislature may make changes applicable to future steps in pending cases; a litigant has no vested right in a procedural remedy. *Texas Employment Com'n v. City of Houston*, 616 S.W.2d 255 (Tex.Civ. App.—Houston, 1981, writ ref'd n. r. e.).

■ The proceedings within the agency were conducted under APTRA standards, but by the time the appeal to judicial review was tried on the merits, the provisions of section 19 of APTRA were no longer applicable, and judicial review of TEC deci-

sions in such cases was required to be by trial de novo in court, without regard to the evidence heard by the TEC unless that evidence was properly introduced in the trial court. *Cruz v. City of San Antonio*, 424 S.W.2d 45 (Tex.Civ.App.1968, no writ).

■ Absent a statement of facts, however, we are not required to determine whether the state of the evidence was such as to warrant the judgment rendered by the trial court. *Taylor v. American Emery Wheel Works*, 480 S.W.2d 26 (Tex.Civ.App. —Corpus Christi, 1972, no writ); *Chavers v. Lucenay*, 329 S.W.2d 503 (Tex.Civ.App.— Waco, 1959, no writ); *Cosey v. Supreme Camp of American Woodmen*, 103 S.W.2d 1076 (Tex.Civ.App.—Fort Worth, 1937, writ dism'd).

■ It is settled under the substantive evidence rule that the record must be made in the trial court. *Beall Med. Sur. Clin. & Hosp. v. Texas State Bd. of Health*, 364 S.W.2d 755 (Tex.Civ.App.—Dallas, 1963, no writ).

■ The appellant has the burden to bring before the appellate court a record that shows error which requires a reversal. *Englander Co. v. Kennedy*, 428 S.W.2d 806 (Tex.1968); *Taylor v. American Emery Wheel Works, supra.*

■ Since there is no statement of facts in the record, we must conclude that every fact necessary to support the judgment of the trial court, within the limits of the pleadings, was proved at the trial. *Taylor v. American Emery Wheel Works, supra.*

■ Appellant is unable to make a viable complaint that the evidence adduced at trial sufficiently supports the TEC decision, because it cannot discharge its burden of proof in the absence of a statement of facts. This court must indulge every reasonable presumption that the trial court had before it sufficient evidence upon which to base its judgment. *Jackson v. Hendrix*, 494 S.W.2d 652 (Tex.Civ.App.—Fort Worth, 1973, no writ); *Englander Co. v. Kennedy, supra; Buie v. Texas Employers Insurance Association*, 383 S.W.2d 261 (Tex.Civ.App.—Waco 1964, no writ).

Appellant's point of error is overruled.

■ Because the matter was subject to trial de novo in the court below, there was no authority for the trial court to remand for a TEC order conforming to the judgment.

We modify the judgment by deleting its instruction of remand to the TEC. Judgment of the trial court is otherwise affirmed.