Carl COLLAZO, d/b/a A & A Bail
Bonds, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–82–00276–CV.

Court of Appeals of Texas,
San Antonio.

March 7, 1984.

Raul E. Guerra, San Antonio, for appellant.

Sam Millsap, Jr., Barry Hitchings, San Antonio, for appellee.

Before ESQUIVEL, REEVES and TIJERINA, JJ.

OPINION

ESQUIVEL, Justice.

This is an appeal from a judgment in a bond forfeiture case awarding the surety a remittitur of part of the sum specified in a bail bond.

Appellant Carl Collazo, d/b/a A & A Bail Bonds, surety on the bond in question, alleges in his sole point of error that the trial court erred by failing to grant him 95% of the amount specified in the bond as a remittitur. In support of his contention appellant relies on TEX.REV.CIV.STAT. ANN. art. 2372p–3, § 13(b) (Vernon Supp. 1982–1983) which provides as follows:

(b) After a forfeiture, if the defendant is incarcerated within two years of a judgment nisi, the bondsman shall be entitled to a remittitur of at least 95 percent if he presents a sworn affidavit stating that the defendant was returned to custody, in part, as a result of money spent or information furnished by the bondsman.

The remittitur shall be credited against an unpaid judgment of forfeiture or if the judgment has been paid, the treasurer shall refund at least 95 percent.

The State contends that because appellant has failed to bring forth a statement of facts, or request findings of fact and conclusions of law from the trial court, he has failed to preserve this point of error for review; that there is nothing before us for review to enable us to determine whether there was evidence that entitled appellant to a larger amount of remittitur than he obtained. The State further contends that even if appellant had properly preserved this point of error for review, the provisions of section 13(b), article 2372p–3 did not apply because appellant's principal appeared or was arrested prior to final judgment. In support of its contention, the State refers us to TEX.CODE CRIM. PROC.ANN. art. 22.16 (Vernon Supp.1982–1983), the pertinent provisions of which are as follows:

If before final judgment is entered against the bail, the principal appears or is arrested and lodged in jail of the proper county, the court may, at its discretion, remit the whole or part of the sum specified in the bond if the arrest or appearance is a direct result of money spent or information furnished by the surety or is because of the principal's initiative in submitting himself to the authority of the court, sheriff, or other peace officers.

While the judgment of the trial court did not recite in so many words that the remittitur was being granted under the provisions of article 22.16, the necessary effect of the judgment is that it was for an amount less than 95% of the sum specified in the bond. (The amount specified in the bond was $20,000.00; the amount remitted was $11,832.00). We can therefore conclude with reasonable certainty that the trial court granted the remittitur under the provisions of article 22.16.

There is no statement of facts in the record or findings of fact and conclusions of law. Inasmuch as the court's judgment recites that evidence was heard, we must presume that the evidence, whatever it might have been, was sufficient to support the judgment of the trial court. *See Taylor v. American Emery Wheel Works*, 480 S.W.2d 26, 30 (Tex.Civ.App.—Corpus Christi 1972, no writ) and cases cited therein.

The burden is upon appellant to bring before us a record that shows that the evidence conclusively refutes the application of the provisions of article 22.16, and that the provisions of TEX.REV.CIV.STAT. ANN. art. 2372p–3, § 13(b) applied, therefore mandating a 95% remittitur. Under the record presented, no such showing is made by appellant. We therefore cannot disturb the judgment of the trial court. In no way is this opinion to be considered a determination of the issue of whether there is a conflict between TEX.REV.CIV.STAT. ANN. art. 2372p–3 (Vernon Supp.1982–1983) and TEX.CODE CRIM.PROC.ANN. art. 22.16 (Vernon Supp.1982–1983). This issue was not reached due to the state of the record before us.

Accordingly, the judgment of the trial court is affirmed.