**CITY OF HOUSTON, Petitioner,**

v.

**TEXAS EMPLOYMENT COMMISSION, Respondent.**

No. C-274.

Supreme Court of Texas.

June 30, 1981.

---

**330**

Edward A. Cazares, City Atty., Dennis C. Gardner and Marsha R. Kaufman, Asst. City Attys., Houston, for petitioner.

Mark White, Atty. Gen., Diane Van Helden, Asst. Atty. Gen., Austin, for respondent.

PER CURIAM.

This is an appeal from a decision of the Texas Employment Commission awarding a school crossing guard, employed by the City of Houston, unemployment compensation benefits for the summer period between school terms. The City brought suit to recover the unemployment benefits received by the claimant, school crossing guard. The trial court granted the City's motion for summary judgment finding that the award was not supported by substantial

1. All statutory references are to Texas Revised Civil Statutes.

evidence. The Court of Civil Appeals reversed the summary judgment, and remanded the cause for trial holding that the summary judgment evidence was not sufficient to establish the City's right to relief as a matter of law. 616 S.W.2d 255.

Our concern is with the Court of Civil Appeals' discussion of the "educational services exception." *See*, Article 5221b–1(f).[1] As a general proposition, the Texas Unemployment Compensation Act, Article 5221b–1 et seq., excludes those who perform services for certain educational institutions from collecting unemployment compensation during the normal periods between school terms.

The primary issue in the present cause is whether the "educational services exception" bars the school crossing guard from receiving benefits under the Act. The Court of Civil Appeals addressed the issue as follows:

"We hold that the City has not established as a matter of law that Mrs. Ford performed services for an educational institution; rather, we consider that she performed them for the City's school-age children." 616 S.W.2d 255.

While we cannot dispute that a school crossing guard performs a service for school-age children, we do not believe this observation resolves the issue. The ultimate question of law is whether the "educational services exception" applies to the school crossing guard. This question of law is inextricably tied to an underlying question of fact. Does the school crossing guard perform services for an educational institution? The parties are entitled to present evidence to the trial court on the underlying fact issue. The Court of Civil Appeals' holding concerning the applicability of the "educational services exclusion" was therefore premature.

The Court of Civil Appeals has properly reversed the summary judgment and remanded the cause for trial. The application for writ of error is refused, no reversible error.