INSTANT PHOTO, INC., Appellant,

v.

TEXAS EMPLOYMENT COMMISSION and Daniel E. Cervenka, Appellees.

No. 16822.

Court of Appeals of Texas, San Antonio.

April 13, 1983.

Holmes T. Bennett, San Antonio, for appellant.

Bill Kimbrough, Asst. Atty. Gen., Austin, for appellees.

Charles G. Childress, Bexar County Legal Aid Association, San Antonio, amicus curiae.

Before ESQUIVEL, BUTTS and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

This is an appeal from a judgment upholding a decision of the Texas Employment Commission (TEC) which awarded unemployment compensation benefits to appellant's employee, and charged appellant's account for the benefits paid to the employee. The trial court, sitting without a jury, based its judgment on a review of the administrative record made before the TEC.

Appellant's sole point of error contends the trial court erred in limiting its review to the administrative record made before the TEC. Appellant claims the limited standard of review prescribed by the Administrative Procedure and Texas Register Act, Tex.Rev.Civ.Stat.Ann. art. 6252–13a (Vernon Supp.1982–1983) (APTRA), does not apply to the instant case. Rather, appellant contends the statutory exclusion found in section 21 of APTRA requires that the substantial evidence trial de novo standard be applied to review of unemployment compensation cases.

The APTRA was first enacted in 1976 to "afford minimum standards of uniform practice and procedure for state agencies ... and to restate the law of judicial review of agency action." Tex.Rev.Civ.Stat. Ann. art. 6252–13a, § 1 (Vernon Supp.1982–1983). The Supreme Court has favored limiting judicial review to the administrative record. In *Imperial American Resources Fund, Inc. v. Railroad Commission of Texas,* 557 S.W.2d 280, 285 (Tex.1977), the Court said:

Through enactment of the Administrative Procedure Act as to other agencies, the Legislature has made a far-reaching change in limiting judicial review under the substantial evidence rule to the records made before the administrative agencies. The result is that the agencies

and the courts now consider the same evidence. Judicial review under the essential standards of the substantial evidence rule has been preserved, but the courts now test the substantiality of the evidence upon which an administrative agency made its decision. This furnishes more assurance of administrative due process and a surer means of determining whether an agency acted arbitrarily, capriciously, and without due regard to the evidence.

Later, in *Southwestern Bell Telephone Co. v. Public Utility Commission,* 571 S.W.2d 503 (Tex.1978), the Supreme Court considered the standard of review to be applied in reviewing the rulings of an administrative agency, stating:

It is the duty of the courts, then to review that determination and this can best be accomplished by examining the record of the proceedings before the Commission. There is no constitutional infirmity in limiting judicial review to the record taken before the Commission.

\* \* \* \* \* \*

We do not find it necessary to decide whether the Legislature might, under proper circumstances, specify a judicial review of an agency record on a preponderance test. '[I]t is within the legislative prerogative to specify the kind and nature of review to be employed by the courts so long as constitutional safeguards and requirements are not transgressed.' *Gerst v. Nixon,* 411 S.W.2d 350, 356 (Tex.1966).

*Id.* at 510–511.

Prior to August 27, 1979, the provisions of section 19 of APTRA governed judicial review of decisions of the TEC. Effective on that date, however, subsection (f) was added to section 21 of the Act.[1] It provided that sections 12–20 of the Act no longer apply to TEC hearings to determine whether a claimant is entitled to unemployment compensation. *See Texas Employment Commission v. Bell Helicopter Internation-*

---

1. The APTRA was amended effective April 30, 1981. The provisions previously contained in section 21(f) are now found in section 21(g).

*See* Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 21(g) (Vernon Supp.1982–1983).

*al, Inc.,* 627 S.W.2d 524, 526 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.). In the case at bar, the appellee-employee, Daniel E. Cervenka, filed a claim for benefits on March 9, 1979. Appellant exhausted its administrative remedies on October 5, 1979 and filed this suit on October 16, 1979. Appellant thus claims that section 21(g) of the APTRA requires that the substantial evidence trial de novo standard of review should have been applied by the trial court. Appellant relies on *Jones v. Marsh,* 148 Tex. 362, 224 S.W.2d 198, 202 (1949) for a statement of the applicable review standard:

> Stating again the substantial evidence rule, it is that the finding of the administrative body or agency will be sustained by the court if it is reasonably supported by substantial evidence, meaning evidence introduced in court.

In *Texas Employment Commission v. City of Houston,* 616 S.W.2d 255, 258 (Tex.Civ. App.—Houston [1st Dist.]), *writ ref'd per curiam,* 618 S.W.2d 329 (Tex.1981), the appellate court addressed the problem of construing the educational exemption contained in the Texas Unemployment Compensation Act, stating:

> The proceedings within the agency were conducted under APTRA standards, but by the time the appeal to judicial review was filed, the provisions of section 19 of APTRA were no longer applicable, and judicial review of TEC decisions in cases such as ours was, once again, by trial in court upon a new record without regard to evidence heard by the TEC unless that evidence was properly introduced in the trial court.
>
> \*    \*    \*    \*    \*    \*
>
> It would be fair to all parties in our case to review those administrative procedures in accordance with section 21(f), since that would result in a trial upon a new record and all parties could offer evidence.

TEC contends that if the trial court erred in confining the evidence to the TEC record, such error was harmless. In support of its claim TEC relies on *Texas Employment Commission v. Bell Helicopter Internation-*

*al, Inc., supra.* In that case the court concluded that the error of the trial court in conducting a trial under APTRA, confining the evidence to the agency record, was not of itself reversible error, saying:

> The appellant has the burden to bring before the appellate court a record that shows error which requires a reversal.

*Id.* at 526. Unlike the instant case, however, no statement of facts was filed in the *Bell Helicopter* case. For this reason we cannot accept the *Bell Helicopter* decision as controlling.

The Court in the case before us, by its order of September 22, 1980, expressly confined its review of the decision of TEC to the agency record. The statement of facts further reflects that the trial court confined its review to the record before the agency. It is apparent from the trial court's judgment that its review of the TEC administrative procedures was pursuant to section 19(d)(3) of APTRA. We hold this to be the wrong procedure. Appellant's point of error is sustained.

The judgment of the trial court is reversed and the cause remanded for a new trial.