**Andrea G. BURTON, Appellant,**

v.

**TEXAS EMPLOYMENT COMMISSION and Albertson's, Inc., d/b/a Albertson's Bakery, Appellees.**

No. 08–87–00089–CV.

Court of Appeals of Texas, El Paso.

Dec. 9, 1987.

Rehearing Denied Jan. 13, 1988.

David C. Sullivan, Midland, for appellant.

Bill Kimbrough, Asst. Atty. Gen., Austin, W. Stacy Trotter, Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, Odessa, for appellees.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

OSBORN, Chief Justice.

This is an appeal by an employee from a summary judgment (1) which denied her recovery for an alleged wrongful discharge from employment, and (2) which denied her recovery for unemployment compensation benefits. We affirm.

Andrea G. Burton was employed in September, 1984, by Albertson's, Inc. d/b/a Albertson's Bakery in Odessa, as a cake decorator. Another employee told her that baked goods were not being properly rotated by the night shift and that certain stale items were remaining on the racks for sale. Prior complaints to the bakery manager were fruitless and on this occasion she complained to the store manager. As a result of her failure to make her complaint to her immediate supervisor, she was reprimanded; when she refused to sign the reprimand and said she didn't care, she was fired.

Mrs. Burton filed a claim with the Texas Employment Commission for unemployment benefits. The claim was denied on the basis that she was discharged for insubordination which was considered to be misconduct connected with the work. She appealed and the Appeal Tribunal also denied her claim. Again, she appealed and the Texas Employment Commission affirmed the decision of the Appeal Tribunal. A motion for rehearing was denied.

Mrs. Burton initially filed suit against the Commission and Albertson's seeking to reverse the Commission's decision. By amended petition she also sought to recover damages from her employer for wrongful discharge. All parties filed motions for summary judgment. The trial court granted the motions of the Commission and Albertson's and denied Mrs. Burton any recovery. She filed a Notice of Appeal and recited therein that she is exempt from posting a bond under Tex.Rev. Civ.Stat.Ann., art. 5221b–13(b). That provision of the statute only applies to "proceeding[s] under this Act * * *." It does not exempt Mrs. Burton from the requirements of posting a bond, or making a cash deposit, or filing an affidavit in lieu thereof as required by Rule 40(a)(1), Tex.R.App.P., if she desires to appeal the adverse judgment on her suit against the employer for wrongful discharge. We conclude that the judgment denying recovery on the claim for wrongful discharge has become final since an appeal has not been perfected from that part of the judgment. The attempted appeal from that part of the judgment denying recovery for the claimed wrongful discharge will be dismissed.

The Appellant contends in Points of Error Nos. One and Three that the trial court erred in granting the motion for summary judgment on the issue of unemployment compensation benefits because (1) the evidence raised a genuine issue of material fact, and (2) because as a matter of law the actions of the claimant were not misconduct.

First, we note that in reviewing the decision of the Texas Employment Commission, the trial court was required to apply the substantial evidence trial de novo standard. *Instant Photo, Inc. v. Texas Employment Commission*, 650 S.W.2d 196 (Tex.App.—San Antonio 1983, no writ). Second, in a summary judgment case decided under the substantial evidence rule, review is based on the record made in the trial court. *Texas Employment Commission v. City of Houston*, 616 S.W.2d 255 (Tex.Civ.App.—Houston [1st Dist.] 1981), *writ ref'd* n.r.e., 618 S.W.2d 329 (Tex.1981). Third, the moving party in the summary judgment proceeding which seeks to sustain the Commission decision has the burden of introducing sufficient evidence to prove that reasonable minds could not have reached a different conclusion from the one reached by the Commission. Fourth, there is no restriction of the summary judgment practice in a case tried under the substantial evidence rule. *Cruz v. City of San Antonio*, 424 S.W.2d 45 (Tex.Civ.App.—San Antonio 1968, no writ).

The evidence before the trial court included all of the administrative proceedings from the initial claim for benefits and the employer protest through the original denial of benefits, the Appeal Tribunal decision and the findings and decision of the Commission. It also had before it the deposition of Andrea Burton and the affidavits of Ralph Martin, her supervisor in the bakery department, and the affidavit of Benny Cowen, the store manager, along with the affidavit of Andrea G. Burton.

Appellant did not file any response to the motions for summary judgment filed by the Appellees in the trial court. She did file her own motion for summary judgment and a "Memorandum Brief In Opposition To Defendant's Motion For Summary Judgment." The brief, quite properly, is an argument of the issues raised. It does not contain any supporting affidavits or exhibits, which should be attached to a response, to raise fact issues. Rule 166a(c), Tex.R. Civ.P. limits the issues to be considered on appeal to those raised by the motion, an answer, or a response. In *City of Houston v. Clear Creek Basin Authority*, 589 S.W. 2d 671 (Tex.1979), the Court held that if no response is filed in the trial court, on appeal a non-movant may only attack the legal sufficiency of the grounds urged for summary judgment. In *Fantastic Homes, Inc. v. Combs*, 596 S.W.2d 502 (Tex.1979), the Court expanded the issues which could be raised, where no response is filed, to include a complaint that the movant's proof was insufficient to establish the specific grounds relied upon as the basis for the summary judgment. The first and third points of error raise the question of the sufficiency of the evidence and the question of the grounds relied upon.

In *Simpson v. City of Houston*, 260 S.W.2d 94 (Tex.Civ.App.—Galveston 1953, writ ref'd n.r.e.), the Court noted that what is substantial evidence is a question of law. Chief Justice Barrow reached that same conclusion in *Cruz v. City of San Antonio, supra*, when he wrote:

In a trial under the substantial evidence rule the issue is whether the evidence introduced before the trial court shows facts in existence as of the time the order was entered, of such a substantial nature as to reasonably support the order. This issue is one of law and trial of the fact issues by a judge or jury is avoided. *Firemen's & Policemen's Civil Service Commission v. Hamman*, supra [404 S.W.2d 308 (Tex.1966)]; *Southern Canal Co. v. State Board of Water Engineers*, 159 Tex. 227, 318 S.W.2d 619 (1958); *Jones v. Marsh*, 148 Tex. 362, 224 S.W.2d 198 (1949); *Kavanagh v. Holcombe*, 312 S.W.2d 399 (Tex.Civ.App.—Houston 1958, writ ref'd n.r.e.).

We conclude that the record before the trial court did establish as a matter of law facts of such a substantial nature as to

reasonably support the order of the Commission. The Commission did not act arbitrarily, capriciously and unreasonably in reaching their decision. The affidavits of the two Albertson's employees reflect that Andrea Burton was instructed to report any complaints directly to her supervisor and that on the occasion in question she violated that policy. She became very disruptive and insubordinate when presented with a written reprimand and was fired when she refused to sign it. Her conduct was within the meaning of "misconduct" as defined in Article 5221b–17(q), Tex.Rev.Civ. Stat.Ann. Points of Error Nos. One and Three are overruled. Point of Error No. Two deals with the issue of wrongful discharge and is not before us.

The judgment of the trial court denying recovery for unemployment compensation benefits is affirmed.