**ELENA E. FRANCISCO, INC., a Texas Corporation, d/b/a McDonald's, Appellant,**

v.

**TEXAS EMPLOYMENT COMMISSION and Manuel S. Diaz, Appellees.**

No. 04–90–00280–CV.

Court of Appeals of Texas, San Antonio.

Feb. 20, 1991.

Robert Garza, Del Rio, for appellant.

Amado Abascal, III, Eagle Pass, Rene R. Barrientos, Law Office of Rene R. Barrientos, San Antonio, Anthony Aterno, Asst. Atty. Gen., Taxation Div., Austin, for appellees.

Before CHAPA, PEEPLES and BIERY, JJ.

OPINION

BIERY, Justice.

Manuel Diaz, one of the appellees, worked as a supervisor for the appellant in Eagle Pass. Mr. Diaz was discharged from employment for allegedly lying to his employer about an incident that occurred on December 6, 1987. The Texas Employment Commission, the other appellee, granted unemployment compensation benefits to Manuel Diaz upon its determination that he was not guilty of misconduct and therefore qualified to receive unemployment benefits. The district court affirmed the decision of the Commission. The employer brings two points of error in which it contends (1) that there was not substantial evidence to support the decision of the Texas Employment Commission and (2) that the trial court erred in refusing to admit evidence about other acts of misconduct not presented to the Commission. We affirm.

On December 6, 1987, Mr. Diaz and several other co-workers began working at about three o'clock in the morning. Their work consisted of cleaning, taking out trash, breaking down boxes and picking up litter around the parking lot of appellant's store. Mr. Diaz was not assisting the other workers in picking up the litter in the parking lot but was waiting with two other employees for the arrival of a delivery truck. One of the employees, Diego Perez, was smoking a tobacco cigarette. Another employee, Mr. Contreras, thought he smelled marihuana smoke, but stated that he did not see anyone smoking marihuana nor holding a marihuana cigarette, although he did say that he observed a marihuana cigarette on the ground. Another employee, Luis Lopez, also said that the substance was marihuana and that appellee had partaken. On the other hand, appellee consistently testified that he is not a marihuana user and did not smoke marihuana or anything else on the date in question. No physical evidence of marihuana was found on the claimant or at the restaurant.

While the employer filed a written response stating that Mr. Diaz was discharged for (1) marihuana usage (2) dating an employee and (3) lying, the actual testimony before the Texas Employment Commission was from the appellant's manager, Mr. Munt, who testified that the exclusive basis for discharge was lying about whether or not he (Mr. Diaz) had smoked marihuana on the premises. The Commission argues that the actual smoking of the marihuana, as opposed to lying about the use of marihuana, apparently was not important to the employer because other employees who admitted to smoking marihuana were not discharged from their employment. The actual evidence presented to the Commission upon which the Commission made its decision, was the testimony under oath of the appellant, Mr. Diaz, denying that he smoked marihuana. On the other hand, the only evidence in the record before the Commission in opposition to Mr. Diaz were written statements purportedly made by other employees of the appellant, but which were not in affidavit form. None of the employees involved in the incident testified at the hearing.

■ Decisions of the Texas Employment Commission are subject to review under TEX.REV.CIV.STAT.ANN. art. 5221b–4(i) (Vernon Supp.1991). The trial court must determine whether there is substantial evidence to support the Commission's ruling and the Commission's ruling carries a presumption of validity. *Mercer v. Ross*, 701 S.W.2d 830, 831 (Tex.1986).

Appellant's counsel, who was not involved at the Commission hearing stage, asserts that review of the Commission's decision must be by trial de novo because the statute governing court review of such decisions requires it. *See* TEX.REV.CIV. STAT.ANN. art. 5221b–4(i) (Vernon Supp. 1991) ("Such trial shall be de novo.") Appellant contends that a trial de novo would allow it to present evidence to the district court about *reasons* for discharge which had not been presented to the Commission. We respectfully disagree.

In *Fire Dept. v. City of Fort Worth*, 147 Tex. 505, 217 S.W.2d 664 (1949), the Texas Supreme Court upheld review of an administrative agency decision by the substantial evidence standard. While this case did not

involve the Unemployment Compensation Act, as does the present case, the court noted that the statute involved (the Firemen's & Policemen's Civil Service Act) provided for trial de novo. *Id.* 217 S.W.2d at 666. Regarding the appropriate standard of review, the court stated:

> The extent of such a review has been rather generally held to be limited to an ascertainment of whether there was substantial evidence reasonably sufficient to support the challenged order ... There is nothing in Section 18 to suggest that the district court is empowered to do more. *Although the statute provides for a trial de novo, this term as applied to reviews of administrative orders has come to have a well-defined significance in the decisions of this state, and as a rule has been taken to mean a trial to determine only the issues of whether the agency's ruling is free of the taint of any illegality and is reasonably supported by substantial evidence.*

*Id.* (citations omitted; emphasis added).

This same language was quoted with approval in *Firemen's & Policemen's Civil Serv. Comm'n v. Hamman,* 404 S.W.2d 308, 311 (Tex.1966). The court again acknowledged that the governing statute provided that appeals to the district court from decisions of the Commission "shall be tried de novo," but concluded that such appeals are correctly governed by the substantial evidence rule. *Id.* "A substantial evidence trial is a trial de novo and is in full compliance with the statutory requirements of a de novo trial on appeal." *Id.* Because the pertinent provision of the statute construed by the court in the above cited cases is indistinguishable from the pertinent provision of the Unemployment Compensation Act here in issue, we are bound by the court's holding that substantial evidence is the correct standard of review.

We also note that our supreme court has specifically stated that substantial evidence is the appropriate standard of review in an appeal under the Unemployment Compensation Act. In *Mercer v. Ross,* the court stated that appellate review

under that act required "a trial de novo *with substantial evidence review....* A trial de novo review of a TEC ruling requires the court to determine whether there is substantial evidence to support the ruling ...." 701 S.W.2d at 831. (emphasis added). Based on the *Mercer* court's statement that substantial evidence is the appropriate standard of review, we hold that to be the correct standard of review in the present case. Although substantial evidence must be more than a mere scintilla, it need not be a preponderance. In fact, the evidence may be substantial and yet greatly preponderate the other way. *Olivarez v. Aluminum Corp. of America,* 693 S.W.2d 931, 932 (Tex.1985). It has not taken much evidence under our decisions to qualify as substantial. *Lewis v. Metropolitan Sav. & Loan Ass'n,* 550 S.W.2d 11, 13 (Tex.1977). Resolution of factual conflicts and ambiguities is the province of the administrative body and it is the aim of the substantial evidence rule to protect that function. The reviewing court is concerned only with the reasonableness of the administrative order, not its correctness. *Firemen's & Policemen's Civil Serv. Comm'n v. Brinkmeyer,* 662 S.W.2d 953, 956 (Tex.1984). In the case before the Commission, Mr. Diaz consistently testified that he is not a marihuana user and did not smoke anything on the date in question. No physical evidence of marihuana was found on the claimant or at the restaurant and there really was no probative evidence from the employer or other fellow employees to contradict the sworn testimony of Mr. Diaz. Accordingly, we hold that there was substantial evidence to support the Commission's order. Point of error one is overruled.

In point of error two, appellant contends the trial court erred in refusing to admit evidence about Mr. Diaz's alleged violation of the appellant's rules and regulations prohibiting its employees from working at a time when the employee had not "clocked in" to work. The record reflects, however, that appellant did in fact have the opportunity to testify concerning this issue during the following colloquy between appellant's counsel and appellant's representative:

Q. Would you proceed with the reasons as to why you fired him?

A. He was smoking while he was supposed to be working, which is not allowed. He was dating an employee, which is not allowed. He had employees working off the clock, which is not allowed.

We have listed one thing, but there are four or five things that went into this. I mean, we used the one we felt was the strongest.

And besides that, your Honor, he was already on probation for previous problems that he had had.

Since the record reflects that appellant did in fact have the opportunity to present this evidence, point of error two is overruled. We express no opinion about the relevance of this evidence in light of the fact that none of it had been presented at the Commission hearing.

The judgment of the trial court is affirmed.