**Gilberto U. ARRELLANO, Appellant,**

v.

**TEXAS EMPLOYMENT COMMISSION & Holguin Bros., Appellees.**

No. 04–90–00120–CV.

Court of Appeals of Texas,
San Antonio.

April 24, 1991.

Rehearing Denied May 28, 1991.

Alpha Hernandez, Texas Rural Legal Aid, Inc., Del Rio, for appellant.

Anthony Aterno, Asst. Atty. Gen., Tax. Div., Austin, for appellees.

Before REEVES, C.J., and PEEPLES and BIERY, JJ.

## OPINION

BIERY, Justice.

Gilberto U. Arrellano, appellant, was denied unemployment benefits by the Texas Employment Commission upon the Commission's finding that appellant left his last work with Holguin Bros. voluntarily without good cause connected with his work. Mr. Arrellano appealed to the district court which granted the TEC's motion for summary judgment. Mr. Arrellano appeals to this court asserting that a) the district court used an incorrect standard of review in granting the Commission's motion for summary judgment; and b) genuine issues of material fact existed which made the granting of the summary judgment improper. We affirm.

In point of error two, Mr. Arrellano contends that the court used an incorrect standard of review in granting the summary judgment because (1) the court was required to receive evidence in open court; (2) the hybrid substantial evidence/trial de novo standard is confusing, unworkable, and presents an insurmountable burden to parties appealing TEC decisions; and (3) trial de novo is the appropriate standard of review. We first address whether substantial evidence review or true trial de novo is the correct standard of review.

*1. Substantial evidence/trial de novo review.*

Appellant asserts that review of TEC decisions must be by trial de novo because the statute governing court review of such decisions requires it. *See* TEX. REV.CIV.STAT.ANN. art. 5221b–4(i) (Vernon Supp.1991) ("Such trial shall be de novo.") He also urges that de novo review is constitutionally appropriate in this case because the TEC was acting in a quasi-judicial role. The Texas Supreme Court, however, has determined this issue adversely to appellant, and we are bound by that determination.

In *Fire Dept. v. City of Fort Worth,* 147 Tex. 505, 217 S.W.2d 664 (1949), the court upheld review of an administrative agency decision by the substantial evidence standard. While this case did not involve the Unemployment Compensation Act, as does the present case, the court noted that the statute involved (the Firemen's and Policemen's Civil Service Act) provided for trial de novo. *Id.* 217 S.W.2d at 666. Regarding the appropriate standard of review, the court stated

> The extent of such a review has been rather generally held to be limited to an ascertainment of whether there was substantial evidence reasonably sufficient to support the challenged order.... There is nothing in Section 18 to suggest that the district court is empowered to do more. *Although the statute provides for a trial de novo, this term as applied to reviews of administrative orders has come to have a well-defined significance in the decisions of this state, and as a rule has been taken to mean a trial to determine only the issues of whether the agency's ruling is free of the taint of any illegality and is reasonably supported by substantial evidence.*

*Id.* (citations omitted; emphasis added).

This same language was quoted with approval in *Firemen's and Policemen's Civil Serv. Comm'n v. Hamman,* 404 S.W.2d 308, 311 (Tex.1966). The court again acknowledged that the governing statute provided that appeals to the district court from decisions of the Commission "shall be tried de novo," but concluded that such appeals are correctly governed by the substantial evidence rule. *Id.* "A substantial evidence trial is a trial de novo and is in full compliance with the statutory requirement of a de novo trial on appeal." *Id.* Because the pertinent provision of the statute construed by the court in the above-cited cases is indistinguishable from the pertinent provision of the Unemployment Compensation Act here in issue, we are bound by the court's holding that substantial evidence is the correct standard of review.

■ We also note that the supreme court has specifically stated that substantial evidence is the appropriate standard of review in an appeal under the Unemployment Compensation Act. In *Mercer v. Ross,* 701 S.W.2d 830 (Tex.1986), the court stated that appellate review under that Act required "a trial de novo *with substantial evidence review....* A trial de novo review of a TEC ruling requires the court to determine whether there is substantial evidence to support the ruling of the agency...." *Id.* at 831 (emphasis added). Mr. Arrellano asserts that this language is dictum because the only issue presented in *Mercer* was whether the employee had committed misconduct. There was also an issue, however, of whether there was sufficient evidence to support the TEC's award of benefits. When sufficiency of the evidence below is at issue, a discussion of the appropriate standard of appellate review cannot be viewed as dictum. We are bound by the *Mercer* court's statement that substantial evidence is the appropriate standard of review, and we hold that that is the correct standard of review in the present case. *See also Francisco v. Texas Employment Comm'n,* 803 S.W.2d 884 (Tex.App.—San Antonio, Feb. 20, 1991, n.w.h.).

■ The next issue to be addressed, then, is what constitutes substantial evidence. Again, the supreme court has resolved the issue. "Although substantial evidence must be more than a mere scintilla, it need not be a preponderance. In fact, the evidence may be substantial and yet greatly preponderate the other way." *Olivarez v. Aluminum Corp. of America,* 693 S.W.2d 931, 932 (Tex.1985); *see also Lewis v. Metropolitan Sav. & Loan Ass'n,* 550 S.W.2d 11, 13 (Tex.1977) ("it has not taken much evidence under our decisions to qualify as substantial"). The decision of the TEC carries a presumption of validity, and a reviewing court may not set it aside merely because the court would have reached a different conclusion. *Mercer,* 701 S.W.2d at 831; *see also Olivarez,* 693 S.W.2d at 932; *Firemen's and Policemen's Civil Serv. Comm'n v. Brinkmeyer,* 662 S.W.2d 953, 956 (Tex.1984).

Further, the determination of whether the TEC's decision was supported by substantial evidence is a question of law. *Brinkmeyer,* 662 S.W.2d at 956; *Texas Employment Comm'n v. Hughes Drilling Fluids,* 746 S.W.2d 796, 803 (Tex.App. —Tyler 1988, writ denied). The agency is the primary fact-finding body, and the reviewing court may not substitute its judgment for that of the agency on controverted issues of fact. *Brinkmeyer,* 662 S.W.2d at 956.

> Resolution of factual conflicts and ambiguities is the province of the administrative body and it is the aim of the substantial evidence rule to protect that function. The reviewing court is concerned only with the reasonableness of the administrative order, not its correctness.

*Id.*

Based on the foregoing authorities, we conclude that substantial evidence review has long been accepted as the correct standard to be employed in cases such as the one at bar. It is not unworkable, nor does it present an insurmountable burden to parties appealing TEC decisions.

*2. Receipt of additional evidence; availability of summary judgment.*

Also under point two, appellant asserts that the trial court erred in considering only the record from the administrative hearing and in failing to receive evidence in open court. It is true that the reviewing court must "look to the evidence presented in trial and not the record created by [the] agency," *Mercer,* 701 S.W.2d at 831, but we do not read that language as requiring the receipt of evidence *in open court* in every instance. Nor do we read it as prohibiting the court's consideration of the record below if it is properly introduced into evidence. The record of the administrative proceedings in the present case was introduced in support of the summary judgment motion, and thus, was evidence presented to the trial court.

Appellant cites *Instant Photo, Inc. v. Texas Employment Comm'n,* 650 S.W.2d 196 (Tex.App.—San Antonio 1983, no writ), for the proposition that it is error for the reviewing court to *confine* its review to the agency record. While this is a correct statement of the law, *Instant Photo* is distinguishable on its facts. In that case, the trial court expressly limited its review to the record below pursuant to the Administrative Procedure and Texas Register Act (APTRA) and did not allow any additional evidence to be introduced. This was clearly error because APTRA no longer governs judicial review of TEC decisions. *See Instant Photo,* 650 S.W.2d at 197. In the present case, the court did not conduct its review under APTRA, and did not preclude appellant from introducing additional evidence in conjunction with his response to the motion for summary judgment. Indeed, appellant filed a transcript of the administrative hearing and also filed an affidavit in support of his response to the summary judgment motion. The court's order expressly states that it considered the exhibits and affidavits on file.

Mr. Arrellano's real complaint is not that he was precluded from introducing additional evidence, but that he was not allowed to present such evidence in open court. This, of course, was because of the prohibition in rule 166a(c) that no oral testimony may be received at the hearing on a motion for summary judgment. TEX.R. CIV.P. 166a(c). He cites *City of Houston v. Texas Employment Comm'n,* 618 S.W.2d 329 (Tex.1981), for the proposition that summary judgment cannot be proper in a review of a TEC decision because "parties are entitled to present evidence to the trial court on the underlying fact issue." *Id.* at 330. The holding in *City of Houston,* however, was not that summary judgment cannot be proper in such cases. It was merely that summary judgment was improper under the facts of that case because the movant had failed to establish its entitlement to relief as a matter of law and there existed a specific issue of fact. *Id.* There is no mention made of any absolute right to avoid summary judgment and proceed to trial in open court.

This court has previously held that there is no restriction on summary judgment practice in cases tried under the sub-

stantial evidence rule. *Cruz v. City of San Antonio,* 424 S.W.2d 45, 47 (Tex.Civ.App.— San Antonio 1968, no writ); *accord Burton v. Texas Employment Comm'n,* 743 S.W.2d 690, 692 (Tex.App.—El Paso 1987, writ denied). Indeed, appeals under substantial evidence review are uniquely suited to summary judgment because the only issue before the court is a question of law. *See Brinkmeyer,* 662 S.W.2d at 956; *Hughes Drilling Fluids,* 746 S.W.2d at 803. No party is denied the right to litigate issues of fact because the fact-finding process is complete. Thus, under current summary judgment practice and substantial evidence review, Mr. Arrellano was entitled to go to trial and introduce evidence in open court only if the summary judgment proof did not demonstrate the existence of substantial evidence as a matter of law, or if his response to the motion raised a genuine issue of material fact concerning the existence of substantial evidence. *See* TEX.R.CIV.P. 166a(c). Point of error two is overruled for all the foregoing reasons.

We next turn to Mr. Arrellano's point of error one, which asserts that the trial court improperly granted the summary judgment because there were genuine issues of material fact in dispute and, therefore, that the TEC was not entitled to judgment as a matter of law.

The Commission's findings of fact and conclusion are as follows:

> Prior to filing an initial claim for unemployment insurance benefits on July 21, 1986, the claimant last worked from May 13, 1986 through June 20, 1986 as a farm worker at three dollars and thirty-five cents ($3.35) an hour, plus a house and utilities for the named employer, the farm. *Although the testimony is in conflict,* I find the following facts. The claimant had several periods of employment with this employer. On the last period of employment with this employer ending June 20, 1986, the employer had hired a new foreman. The claimant quit rather than work for the new foreman. See section 5(a) and section 5(b) of the Act on the attached form. This separation is considered under section 5(a) rath-

er than section 5(b) of the Act. In this case, the claimant quit his job rather than work for the employer's new foreman. The claimant's actions constitute a voluntary separation from work since work was still available with the employer and the claimant could have continued to work for the employer. I conclude that the claimant quit his job voluntarily. The claimant is, therefore, subject to disqualification under section 5(a) of the Act.

> See section 6(b) of the Act on the attached form. Since the claimant received payment for his claim of August 4, 1986 in the amount of one hundred fifteen dollars ($115.00) before it was determined that he was subject to disqualification, the claimant has been overpaid which must be repaid under Section 6(b) of the Act (emphasis added).

■ We agree with Mr. Arrellano and the Appeals Referee, as noted in the emphasized language above, that the evidence before the Commission was in conflict. However, where there is substantial evidence which will support either an affirmative finding or at the same time a negative finding, the court must uphold the decision of the Commission, even though the Commission arrived at a decision contrary to that which the court might have reached. *Cusson v. Firemen's & Policemen's Civil Serv. Comm'n,* 524 S.W.2d 88, 90 (Tex.Civ. App.—San Antonio 1975, no writ). The correct test is whether the evidence as a whole is such that reasonable minds *could* have reached the conclusion that the Commission reached in order to justify its decision. *Auto Convoy Co. v. Railroad Comm'n of Texas,* 507 S.W.2d 718, 722 (Tex.1974) (emphasis added). The substantial evidence/trial de novo standard of review presents only a question of law in which the reviewing court cannot substitute its judgment for that of the Commission's judgment, and the issue before the trial court is whether the evidence presented to the Commission shows facts in existence which support the Commission's decision. *Brinkmeyer,* 662 S.W.2d at 956.

■ The testimony before the Commission showed that Mr. Arrellano last worked for Holguin Bros. from May 13, 1986 to June 20, 1986, as a farmworker. There was testimony that the event which lead Mr. Arrellano to leave his work voluntarily was the placing by Holguin Bros. of a new foreman in the field on June 20, 1986, to supervise Mr. Arrellano. Additionally, there was testimony that Mr. Arrellano was fully employed with Holguin Bros. at the time he voluntarily quit on June 20, 1986. Admittedly, there was also testimony about two other unrelated prior incidents which arguably could have supported a finding by the Commission in Mr. Arrellano's favor. The first incident involved Mr. Arrellano's dismissal due to lack of available work; however, there was testimony that he was subsequently rehired and that work continued to be available at the time he quit. There was also testimony that a second incident occurred involving a dispute between the Arrellano family and the Davila family. Because of the dispute, the two families were separated to work in different areas; there was testimony that this disagreement between the two families had nothing to do with Mr. Arrellano's termination.

While we agree with Mr. Arrellano's implicit argument that there was a fact issue *before the Commission* and that there was evidence which could have supported a finding in his favor *by the Commission,* the legal question on appeal to the district court and to this court is whether there is substantial evidence to support the Commission's finding. *Brinkmeyer,* 662 S.W.2d at 956. An argument can certainly be made that had the Commission found in Mr. Arrellano's favor, the district court and this court would have been bound to uphold such decision under the substantial evidence standard of review. *See Francisco v. Texas Employment Comm'n,* 803 S.W.2d 884 (Tex.App.—San Antonio, 1991, n.w.h.).

Based on the authorities cited above and because the summary judgment proof contains some evidence which supports the decision of the Commission, point of error one is overruled and the judgment of the trial court is affirmed.