COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT WORTH

 

 

                                        NO.
2-09-221-CV

 

 

BRUCE
A. ADES                                                                  APPELLANT

 

                                                   V.

 

TEXAS WORKFORCE                                                            APPELLEES

COMMISSION AND TXU

MINING SERVICES COMPANY

 

                                              ------------

 

            FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  INTRODUCTION

This is an unemployment compensation appeal.  In two issues, Appellant Bruce A. Ades, pro
se, appeals the trial court=s grant
of summary judgment in favor of Appellees Texas Workforce Commission (ATWC@) and
TXU Mining Services Company (ALuminant@).[2]  We will affirm.

II.  BACKGROUND

Ades worked for Luminant from April 16, 2007, to
October 15, 2007.  Luminant has a Code of
Conduct that prohibits employees from withholding or giving false or misleading
information during an investigation.  On
September 20, 2007, Ades instructed Luminant employee Gerald Haupt to purchase
a 42‑inch flat‑screen television for the mine facility where they
worked.  Ades told Haupt that Operations
Manager Ricky Godwin had authorized the purchase.  Haupt purchased the television from Wal-Mart
using a company credit card, and Ades directed Colby Guest, a third-party
vendor, where to mount the television at Luminant=s
facility.  As it turns out, neither
Godwin nor other management gave Ades or any other employee permission to
purchase the television, which was returned the following day.  Luminant conducted an investigation into the
unauthorized purchase of the television, and Ades denied having any knowledge
or involvement in the purchase. 
Luminant, however, determined that Ades had in fact been involved in the
purchase of the television; it therefore discharged him from employment for
violating its Code of Conduct for providing false information in an
investigation.

TWC initially approved Ades=s claim
for unemployment compensation benefits. 
Luminant appealed, and an appeal tribunal affirmed the initial
decision.  Luminant appealed the tribunal=s
decision, and TWC reversed the tribunal, determining that Ades was disqualified
from receiving benefits because he had been discharged for misconduct connected
with his employment.  See Tex. Lab. Code Ann. ' 207.044(a)
(Vernon 2006).  Ades timely filed a
petition for a trial de novo against TWC and Luminant in the district
court.  The trial court granted TWC and
Luminant=s joint
motion for summary judgment, concluding that substantial evidence supported TWC=s
decision to deny Ades unemployment compensation benefits.

III.  ADES CHALLENGES
THE SUMMARY JUDGMENT

In two issues, which we address together, Ades
argues that the trial court erred by granting TWC and Luminant=s joint
motion for summary judgment because substantial evidence does not, as a matter
of law, support TWC=s determination that he is
statutorily disqualified from receiving unemployment compensation benefits for
committing misconduct.

A.     Substantial Evidence Review

The trial court reviews a TWC decision regarding
benefit payments de novo to determine whether there is substantial
evidence to support that decision.  Id. ' 212.202(a)
(Vernon 2006); Mercer v. Ross, 701 S.W.2d 830, 831 (Tex. 1986). 
Under a substantial evidence review, the issue is whether the evidence
introduced at trial shows facts in existence at the time of TWC=s
decision that reasonably support the decision; the trial court must determine
whether reasonable minds could have reached the same conclusion that TWC
reached.  Collingsworth Gen. Hosp. v.
Hunnicut, 988 S.W.2d 706, 708 (Tex. 1998);
see Dotson v. Tex. State Bd. of Med. Exam=rs, 612
S.W.2d 921, 922 (Tex.
1981).  If substantial evidence supports either
an affirmative or a negative determination of a former employee=s
entitlement to collect unemployment compensation benefits, the trial court must
allow TWC=s order to stand.  Edwards v. Tex. Employment Comm=n, 936
S.W.2d 462, 465 (Tex. App.CFort
Worth 1996, no writ) (stating that if a trial court finds substantial evidence
to support TWC=s ruling, it must yield to the
discretion exercised by TWC in making the ruling); see Firemen=s and
Policemen=s Civil Serv. Comm=n v.
Brinkmeyer, 662 S.W.2d 953, 956 (Tex. 1984) (discussing substantial evidence
review).

TWC=s
determination carries a presumption of validity, and whether the decision is
supported by substantial evidence is strictly a question of law.  Mercer, 701 S.W.2d at 831; City of Houston v. Morris, 23 S.W.3d 505, 508 (Tex. App.CHouston
[1st Dist.] 2000, no pet.).  Substantial
evidence is more than a mere scintilla of evidence but less than a
preponderance of evidence; consequently, the evidence may preponderate against
TWC=s
decision but still amount to substantial evidence.  City of Houston v. Tippy, 991 S.W.2d 330, 334 (Tex.
App.CHouston
[1st Dist.] 1999, no pet.).

The party seeking to set aside the decision has
the burden of showing that it is not supported by substantial evidence.  Mercer, 701 S.W.2d at 831.  The trial court may not set aside a TWC
decision merely because there was conflicting or disputed testimony or because
the court would reach a different conclusion. 
Hunnicut, 988 S.W.2d at 708; Goettman v. Tex.
Workforce Comm=n, No.
02-02-00073-CV, 2003 WL 1090521, at *3 (Tex.
App.CFort
Worth Mar. 13, 2003, no pet.) (mem. op.). 
Rather, the court may only set aside TWC=s
decision if it finds that the decision was made without regard to the law or
the facts and, therefore, was unreasonable, arbitrary, or capricious.  Mercer, 701 S.W.2d at 831; Tippy,
991 S.W.2d at 334.

B.     Summary Judgment

In a summary judgment case, the issue on appeal
is whether the movant met the summary judgment burden by establishing that no
genuine issue of material fact exists and that the movant is entitled to
judgment as a matter of law.  Tex. R. Civ. P. 166a(c); Sw. Elec. Power Co. v. Grant,
73 S.W.3d 211, 215 (Tex. 2002); City of Houston v. Clear Creek Basin
Auth., 589 S.W.2d 671, 678 (Tex.
1979).  The burden of proof is on the
movant, and all doubts about the existence of a genuine issue of material fact
are resolved against the movant.  Sw.
Elec. Power Co., 73 S.W.3d at 215. 
We take as true all evidence favorable to the nonmovant, and we indulge
every reasonable inference and resolve any doubts in the nonmovant=s
favor.  Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005). 
Evidence that favors the movant=s
position will not be considered unless it is uncontroverted.  Great Am. Reserve Ins. Co. v. San Antonio
Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965). 
But we must consider whether reasonable and fair-minded jurors could
differ in their conclusions in light of all of the evidence presented.  See Wal-Mart Stores, Inc. v. Spates,
186 S.W.3d 566, 568 (Tex. 2006); City of Keller v. Wilson, 168
S.W.3d 802, 822B24 (Tex. 2005).








Appeals under substantial evidence review are
uniquely suited to summary judgment because the only issue before the court is
a question of law.  Arrellano v. Tex. Employment Comm=n, 810
S.W.2d 767, 771 (Tex. App.CSan
Antonio 1991, writ denied).  Our task in
this appeal is to determine whether the summary judgment evidence established
as a matter of law that substantial evidence existed to support TWC=s
decision.  See, e.g., Direct Commc=ns, Inc.
v. Lunsford, 906 S.W.2d 537, 542 (Tex. App.CDallas
1995, no writ).

C.     Substantial Evidence Supports TWC=s
Decision as a Matter of Law

The Texas Unemployment Compensation Act=s intent
is to compensate those who become unemployed through no fault of their
own.  Hunnicut, 988 S.W.2d at 709B10.  However, A[a]n
individual is disqualified for benefits if the individual was discharged for
misconduct connected with the individual=s last
work.@  Tex.
Lab. Code Ann. ' 207.044(a).  AMisconduct@ means Amisman-agement
of a position of employment by action or inaction, neglect that jeopardizes the
life or property of another, intentional wrongdoing or malfeasance, intentional
violation of a law, or violation of a policy or rule adopted to ensure the
orderly work and the safety of employees.@  Id. ' 201.012(a)
(emphasis added).

TWC and Luminant attached evidence to their joint
motion for summary judgment that showed the following:  Luminant=s Code
of Conduct was adopted to ensure the orderly work and safety of its employees;
Luminant=s
employees are expected to follow the Code of Conduct; a violation of the Code
of Conduct can lead to disciplinary action or immediate termination; Ades
electronically signed an AAcknowledgment and Certification
of Compliance@ indicating that he had read and
understood the Code of Conduct; Ades instructed Haupt to purchase a television
for the mining facility; before purchasing the television with the company
credit card, Haupt called Ades to confirm that the purchase had been
authorized, and Ades assured Haupt that the purchase had been approved; Ades
directed Guest where to mount the television at Luminant=s
facility; Operations Manager Godwin did not give Ades permission to purchase
the television; when Luminant investigated the unauthorized television
purchase, Ades denied having any knowledge or involvement in the purchase;
Luminant terminated Ades=s employment because he provided
false information during a company investigation, which is a violation of
Luminant=s Code
of Conduct.  TWC and Luminant=s
summary judgment evidence thus shows that Ades committed misconduct connected
with his work because he violated Luminant=s Code
of Conduct, which was adopted to ensure the orderly work and safety of its
employees, when he provided false information in the course of Luminant=s
investigation.  See Tex. Lab. Code Ann. ' 207.044(a).  The facts constituting Ades=s
misconduct, which were in existence at the time of TWC=s
decision, reasonably support its determination that Ades is disqualified from
receiving unemployment compensation benefits. 
See id.; Hunnicut, 988 S.W.2d at 708.

Ades argues that the question before the trial
court was Adid [he] lie during the
investigation[,] and is that sufficient to rise to the level of misconduct.@  But this was not the Aquestion@ before
the trial court because TWC was the primary fact-finding body, not the trial court.  See Brinkmeyer, 662 S.W.2d at
956.  The issue before the trial court
was strictly one of law:  whether
substantial evidence supports TWC=s
decision to deny benefits to Ades.  See
Tex. Lab.
Code Ann. '  212.202(a); Mercer,
701 S.W.2d at 831.  Ades also challenges
TWC and Luminant=s factual allegations that he
committed misconduct, but mere conflicts in the evidence do not permit the trial
court to set aside TWC=s determination under the
substantial evidence standard.  See
Hunnicut, 988 S.W.2d at 708. 
Further, Ades responded to TWC and Luminant=s joint
motion for summary judgment with a AMotion
to Deny Defendants= Motion for Summary Judgment,@ but he
did not attach any evidence to the motion. 
To the extent Ades references evidence in his brief that is not part of
the summary judgment record, that evidence does not support Ades=s
argument because we are required to look at the evidence presented at the trial
de novo, not at the record created by the TWC. 
See Mercer, 701 S.W.2d at 831.

We hold that Ades failed to demonstrate that TWC=s
decision was made without regard to the law or the facts and, therefore, was
unreasonable, arbitrary, or capricious. 
We further hold that the trial court did not err by concluding that the
summary judgment evidence established as a matter of law that substantial
evidence existed to support TWC=s determination
that Ades is statutorily disqualified from receiving unemployment compensation
benefits for committing misconduct; reasonable minds could have reached the
same conclusion as TWCCthat Ades violated Luminant=s Code
of Conduct for giving false information during an investigation.  See Hunnicut, 988 S.W.2d at
708; Dotson, 612 S.W.2d at 922. 
We overrule Ades=s two issues.

IV.  CONCLUSION

Having overruled Ades=s two
issues, we affirm the trial court=s
judgment.

 

PER
CURIAM

 

PANEL:  MEIER, WALKER, and MCCOY, JJ.

 

DELIVERED:  October 22, 2009

 











[1]See Tex. R. App. P. 47.4.





[2]We refer to TXU Mining
Services Company as ALuminant@ because Luminant Mining
Services Company stated in its original answer that it had been incorrectly
sued by Ades as ATXU Mining Services
Company.@  TWC contends similarly and refers to TXU
Mining Services Company as ALuminant@ throughout its brief, which Luminant adopted.