

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00096-CV

JASON E. HADDOCK                                          APPELLANT

V.

TEXAS WORKFORCE COMMISSION                               APPELLEES
AND ADECCO USA INC.

------------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

------------

# MEMORANDUM OPINION[1] ON REHEARING EN BANC

------------

## I. Introduction

Appellant Jason E. Haddock filed a motion for rehearing en banc. We deny the motion for rehearing en banc, but we withdraw our opinion of October 17, 2013, and substitute the following in its place.

---

[1]See Tex. R. App. P. 47.4.

In two issues, Haddock appeals pro se the trial court's summary judgment for Appellees Texas Workforce Commission (TWC) and Adecco USA, Inc. We affirm.

## II. Background

On February 27, 2010, TWC qualified Haddock for $329 per week in unemployment compensation. To retain these benefits, Haddock provided a bi-weekly report to TWC that stated, among other things, whether he earned money during the two week period, whether he was able to work, and whether he turned down any job offers. In July 2010, Haddock turned down a placement, and TWC subsequently notified him that he had been disqualified from receiving further unemployment benefits because he had refused a suitable job offer. After TWC's appeals tribunal upheld the disqualification, Haddock sought judicial review.[2] The trial court granted TWC and Adecco's joint motion for summary judgment and affirmed TWC's administrative decision. This appeal followed.

## III. Summary Judgment

In his first issue, Haddock argues that the trial court erred by granting a traditional summary judgment because the appellees failed to conclusively prove their entitlement to judgment as a matter of law. He further argues that TWC violated the provisions of the Texas Unemployment Compensation Act "by not

---

[2]Haddock states in his appellate brief that he subsequently found work similar to his previous job at $15.00 per hour and that he is only seeking to receive payment for the twenty-seven weeks of denied benefits while he was unemployed.

following either the letter of the law or the spirit of the law, and in fact, making its own law."

## A. Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

Trial courts may grant summary judgments in cases tried under the substantial evidence rule, and appeals under substantial evidence review are uniquely suited to summary judgment because the only issue before the court is a question of law. *Blanchard v. Brazos Forest Prods., L.P.*, 353 S.W.3d 569, 573 (Tex. App.—Fort Worth 2011, pet. denied) (citing *Arellano v. Tex. Emp't Comm'n*, 810 S.W.2d 767, 771 (Tex. App.—San Antonio 1991, writ denied)); *see also* Tex. Lab. Code Ann. § 212.202(a) (West 2006) ("Judicial review under this subchapter is by trial de novo based on the substantial evidence rule."); *Mercer v. Ross*, 701 S.W.2d 830, 831 (Tex. 1986). We review the trial court's judgment by comparing the TWC decision with the evidence presented to the trial court and the governing law. *Blanchard*, 353 S.W.3d at 573. And we determine whether the summary judgment evidence established as a matter of law that substantial evidence existed to support the TWC decision. *Id.*

3

In *Blanchard*, we explained the following:

> Judicial review of a TWC determination is by "trial de novo based on the substantial evidence rule." The trial court conducts an evidentiary trial to "determine whether the agency's ruling is free of the taint of any illegality and is reasonably supported by substantial evidence." In making this determination, the issue is not whether TWC made the correct decision; it is instead "whether the evidence introduced before the trial court shows facts in existence at the time of the [agency's] decision that reasonably support the decision," that is, whether reasonable minds could have reached the same conclusion. Because substantial evidence is more than a mere scintilla of evidence but less than a preponderance of evidence, the evidence may preponderate against the TWC decision but still amount to substantial evidence. TWC remains the primary factfinding body, and the reviewing court may not substitute its judgment for TWC's on controverted fact issues; the question before the trial court is one of law.

*Id.* at 572 (citations omitted). The trial court here was required to determine whether Adecco and TWC proved as a matter of law that substantial evidence reasonably supported TWC's decision to disqualify Haddock for unemployment benefits—that is, whether reasonable minds could have reached the same conclusion. *See id.* at 573–74.

## B. Applicable Law

Under labor code section 207.047, an individual can be disqualified from receiving unemployment benefits for failing, without good cause, to "accept suitable work offered to the individual." Tex. Lab. Code Ann. § 207.047(a)(2) (West 2006). TWC considers the following factors to determine whether work is "suitable" for an individual: (1) the degree of risk involved to the individual's health, safety, and morals at the place of performance of the work; (2) the

4

individual's physical fitness and previous training; (3) the individual's experience and previous earnings; (4) the individual's length of unemployment and prospects for securing local work in the individual's customary occupation; and (5) the distance of the work from the individual's residence. *Id.* § 207.008(a)(1)–(5) (West 2006). Additionally, the labor code states that work is not suitable and benefits may not be denied if "the wages, hours, or other conditions of the work offered are substantially less favorable to the individual than those prevailing for similar work in the locality." *Id.* § 207.008(b)(2) (West 2006).

## C. Summary Judgment Evidence

TWC and Adecco attached to their joint motion for summary judgment an affidavit by Tracie Wankowicz and a copy of TWC's "Unemployment Benefits Handbook."[3] They also attached a certified copy of the administrative record, which included a copy of the appeals tribunal's final decision, including its findings of fact and conclusions of law, and a copy of the TWC's adoption of these findings and conclusions.

In her affidavit, Wankowicz averred that Haddock had been making $13.80 an hour as a cell phone tester before he voluntarily left his job in January 2010;

---

[3]Haddock argues that TWC's "Unemployment Benefits Handbook" submitted into evidence by TWC and Adecco should have been excluded because it was a 2012 edition that included a different standard for reviewing "suitable" work than the 2010 edition, which was the most up-to-date version available at the time Haddock's benefits were denied. We decline to address Haddock's evidentiary objection because the record contains substantial evidence to support TWC's decision without considering the handbook or its disputed "25% rule."

that on July 16, 2010, she offered Haddock work as a cell phone tester, paying $10.25 an hour for the day shift and $10.75 an hour for the night shift ; that the job carried the same job responsibilities as Haddock's previous job, was a "contract-to-hire" position with the possibility of permanent placement, and was located approximately a quarter mile from Haddock's previous job ; that Haddock declined both shift offers, telling Wankowicz that the pay was too low ; and that Haddock subsequently contacted her and said he would accept the position only if it paid $12.00 an hour, and that she explained that no positions at that wage were available.

Haddock filed his response to the motion four days before the summary judgment hearing. To his response, Haddock attached what he asserted was "some evidence that [he] submitted to TWC" during his hearings, including advertisements for job openings in the area during his period of unemployment to show that $10.50 was not the prevailing wage.[4] He included a copy of the page in the 2010 TWC handbook, which states:

**What Happens If I Refuse a Job?**

If you refuse to apply for or accept a suitable job, we will not be able to pay you UI benefits. Some of the factors TWC considers in determining whether work is suitable are:

- Your experience, qualifications, and training

---

[4]Haddock's evidence is not in the form of traditional summary judgment evidence. *See* Tex. R. Civ. P. 166a(f). Nonetheless, it does not appear that TWC and Adecco ever objected in the trial court to the form of Haddock's summary judgment evidence or argued that considering his late-filed evidence surprised or prejudiced them.

6

- The working conditions and pay for similar work in your area

- Any risks to your health, safety, or morals

- The distance to work from your home and local commuting patterns

- The length of your unemployment.

He also included his letter requesting a motion for rehearing stating that when Wankowicz called, "[He] was surprised to hear from her because ADECCO had contested [his] unemployment claim without success, and [they] were not on the best of terms." Haddock alleged that Adecco had tried to have his unemployment benefits denied before. He said that although he could not prove that Adecco was trying to end his unemployment benefits in another way by calling to offer him "a low paying job which they knew [he] probably wouldn't accept, . . . the $10.50 they offered was exactly 25 percent lower than [Haddock's] pay with them," and he noted a TWC rule (of which he alleges he had no notice) that allowed for the loss of benefits for refusing a position that paid seventy-five percent of his previous wage.

When Haddock appealed TWC's disqualification determination, the appeal tribunal provided the following reasoning for its decision:

> Here, since the work which was offered to the claimant on July 16, 2010 was similar to his previous work with this employer and was in the same area, the work offered to him on that date was suitable. I understand why the claimant declined the offer at that time, but given the length of his prior unemployment and the fact that part of the reason for doing this was concern regarding the hearing for his claim for unemployment benefits, this is not considered good cause

7

. . . [and] claimant is subject to disqualification under [section 207.047].

## D. Analysis

Haddock argues that the trial court erred by granting summary judgment because TWC did not present any evidence showing that a $10.50-per-hour wage was the prevailing wage for similar work in the area. Tex. Lab. Code Ann. § 207.008(b)(2). However, whether $10.50 was the "prevailing wage for similar work" in the area was a question for the TWC, the primary fact-finding body, not the trial court. *See Blanchard*, 353 S.W.3d at 572; *Brinkmeyer*, 662 S.W.2d at 956. Further, although Haddock presented TWC with a list of jobs in the area paying more than $10.50 per hour, an agency ruling may not be set aside merely because there was conflicting or disputed testimony. *See Blanchard*, 353 S.W.3d at 572. Here, the issue before the trial court was a question of law: whether substantial evidence supported TWC's decision to disqualify Haddock's benefits. *See* Tex. Lab. Code Ann. § 207.047(a)(2); *Mercer*, 701 S.W.2d at 831.

TWC and Adecco's summary judgment evidence presents more than a scintilla supporting TWC's determination that Haddock violated section 207.047 by declining a suitable job offer without good cause. *See* Tex. Lab. Code Ann. § 207.047(a)(2). Haddock's offer to accept the position at $12.00 per hour demonstrates that he was not concerned about the job posing a risk to his health, safety, or morals, nor was he concerned about the job's difficulty or his over qualification based on prior training and experience; rather, his sole concern was

8

the pay rate. *See id.* § 207.008(a)(1)–(3). Additionally, Haddock refused the job, which was located a quarter of a mile from his previous job, in his eighteenth week of unemployment. *See id.* § 207.008(a)(4)–(5).

Accordingly, TWC's finding that Haddock was disqualified from receiving unemployment compensation benefits is reasonably supported under the substantial evidence rule. *See Collingsworth Gen. Hosp. v. Hunnicutt*, 988 S.W.2d 706, 708 (Tex. 1998); *City of Houston v. Tippy*, 991 S.W.2d 330, 334 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Based on the record before us, Haddock failed to demonstrate that TWC's decision was unreasonable, arbitrary, or capricious. *See Mercer*, 701 S.W.2d at 831; *Tippy*, 991 S.W.2d at 334; *see also McKinley Iron Works, Inc. v. Tex. Emp't Comm'n*, 917 S.W.2d 468, 470 (Tex. App.—Fort Worth 1996, no pet.) (stating that trial court need only determine whether evidence heard by agency was incredible, perjured, or unreasonable because that evidence is deemed not substantial). Therefore, we overrule Haddock's first issue, which is dispositive of this appeal.[5]

---

[5]In his second issue, Haddock argues that the trial court admitted inadmissible evidence, that his due process rights were violated by TWC altering its internal benefit guidelines without giving him notice, and that the trial court erred by granting a no-evidence summary judgment. However, TWC and Adecco did not file a no-evidence summary judgment. And to the extent that Haddock preserved his complaints in the trial court about TWC's evidence and his due process rights, we need not reach them based on our resolution above because there is no indication that the appeal tribunal relied on the "25% rule" in making its decision, and TWC and Adecco demonstrated in the trial court that substantial evidence supported its decision. *See* Tex. R. App. P. 47.1.

On rehearing, Haddock notified us that the court reporter had located the record of the summary judgment hearing, and he filed it with this court. The

9

## IV. Conclusion

Having overruled Haddock's dispositive issue, we affirm the trial court's judgment.

/s/ Bob McCoy

BOB MCCOY
JUSTICE

EN BANC

DELIVERED: February 6, 2014

---

reporter's record reflects that at the hearing, Haddock stated that TWC's decision to deny his benefits was based on the "25% rule"; however, civil procedure rule 166a(c) states that no oral testimony shall be received at the hearing, and the trial court explained to Haddock that although his argument was helpful to understanding the situation, it was compelled to rule in favor of Adecco and TWC based on the standard of review and the pleadings.  *See* Tex. R. Civ. P. 166a(c); *see also Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998) (explaining that although summary judgment hearings may be helpful to the parties or the court, just as oral argument is often helpful on appeal, no oral testimony can be adduced in support of or opposition to a motion for summary judgment).  In denying Haddock's motion for rehearing en banc, we reiterate that we are limited to the evidence contained in the record, which contains a copy of the appeal tribunal's decision that does not reference the "25% rule" and finds that Haddock turned down suitable work without good cause and Wankowicz's affidavit summarized above.  Although Haddock disputed Wankowicz's claim that the new position was essentially the same as his previous position, because her affidavit provides substantial evidence to support TWC's termination of Haddock's benefits, the trial court did not err by granting summary judgment in favor of Adecco and TWC.